## RIO GRANDE WESTERN RAILWAY COMPANY *v.* LEAK.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 285. Argued and submitted May 4, 1896. — Decided May 18, 1896.

It is no error to refuse to give an instruction when all its propositions are embraced in the charge to the jury.

It is no error in an action like this to refuse an instruction which singles out particular circumstances, and omits all reference to others of importance.

This case was fairly submitted to the jury with no error of law to the prejudice of the defendant.

THIS writ of error brought up for review a judgment of the Supreme Court of the Territory of Utah, affirming a judg-

ment of the District Court of the Third Judicial District in that Territory in favor of the defendant in error, based upon the verdict of a jury against the Rio Grande Western Railway Company for the sum of $13,370.

It is averred in the complaint that on or about the 11th day of July, 1891, the plaintiff Leak was engaged in his business of hauling ore to cars of the defendant situated on its track, and was travelling with his team of horses and wagon on a wagon road usually travelled, and provided by defendant to be travelled, in the business of the hauling of ores to its cars; that when he had reached the place or crossing where the wagon road crossed the railroad track, the defendant carelessly and negligently caused a train of cars to approach the crossing and then and there to pass rapidly over its track, and negligently and carelessly omitted its duty whilst approaching that crossing to give any signals or warning whatever of the approach of its cars or to stop or to slacken the speed thereof, by reason whereof the plaintiff, without any fault on his part, was unaware of their approach; that in consequence of this negligence and carelessness of defendant the train of cars struck the plaintiff and his horses and wagon and overset the wagon, whereby he was thrown with great force and violence upon the ground and underneath said wagon and cars, and thereby greatly bruised, crushed and maimed, insomuch that it became necessary to amputate, and the left leg of the plaintiff was amputated, inflicting upon him lasting and permanent bodily injuries, causing him great bodily pain and mental anguish, damaging him in the sum of twenty thousand dollars, and compelling him to lay out and expend for doctors' medical attendance one hundred and five dollars.

The complainant also asserted a claim for the value of his horses and wagon alleged to have been killed and destroyed by reason of the carelessness and negligence of the defendant company as above alleged.

The answer puts in issue the allegations of the complaint and, in addition, states: "If the plaintiff sustained any injuries or damages whatsoever the same were caused and occasioned solely by reason and because of his own negligence

and carelessness in driving into and remaining in a dangerous place, knowing of the danger, and in negligently and carelessly failing to observe the approach of the cars referred to in the complaint, when the means and opportunity of observation were open to him, and in not removing himself from the place of danger after he knew of the existence thereof and after he had been warned thereof, and not because or by reason of any negligence or carelessness on the part of the defendant, its officers, agents or servants."

The court, after stating that the action was not to recover damages in consequence of any other negligence than that described in the complaint, and that the negligence complained of was that the defendant carelessly and negligently caused its cars to approach the crossing, and failed to give any signal or warning whatever of their approach, or to stop or to slacken their speed before the injury, said : " The defendant in its answer denies the allegations of the complaint and alleges that the plaintiff was also guilty of negligence that contributed to the injury, and it is for the gentlemen of the jury, in the light of all the evidence, after carefully considering it, to determine, first, whether the defendant was guilty of the negligence described in the complaint; second, if you should find that defendant was guilty of the negligence described in the complaint, it is then your duty to consider and determine whether the plaintiff himself was guilty of negligence that contributed to the injury. In determining the question of negligence, both on the part of the plaintiff and defendant, you should consider all the circumstances under which the defendant caused the acts to be performed, as alleged in the complaint, and under which its agents or servants failed to act, if you find they did fail in such respect. You have a right to take into consideration the conditions surrounding the injury, the situation of the parties, the location of both the railroad tracks and the wagon road, if you believe there was a wagon road from the evidence, and their location with respect to each other, and the fact that the plaintiff was hauling ore, if you believe that he was (as to that, I presume, there is no dispute). You have a right to take into

consideration the cars of the defendant and their situation and location upon the ore track. You have a right to take into consideration the crossing, as to whether the defendant placed the crossing there for the plaintiff and others to travel over and upon the wagonway, if you believe there was a wagon [way] on which persons usually travelled, and that the plaintiff at the time of the injury was travelling upon the wagonway. You have a right to take into consideration the fact that the train of cars, one of which struck plaintiff's wagon (as to that, I presume, there is no dispute) — you have a right to take into consideration the fact that it came down grade without an engine attached to it, and then passed up a slight grade at the time it struck the plaintiff's wagon, if [you] believe from the evidence that it did so pass down and up. It is your duty to take into consideration all of the evidence bearing upon the question of negligence, and, in the light of it all, you must determine whether the defendant was guilty of the negligence charged or whether the plaintiff was guilty of negligence contributing to the injury."

The defendant excepted to that portion of the above instruction in which the court said that the jury "should consider all the circumstances under which the defendant caused the acts to be performed as alleged in the complaint."

The court properly instructed the jury in relation to the degree of care required at the hands of the defendant and its servants, as well as to their right to judge of the credibility of the witnesses. It further said : "It is your duty to weigh the evidence carefully, candidly and impartially, and in so weighing it you should be careful to draw reasonable inferences, not to pick out any particular fact and give it undue weight, but you should give it such weight as you think it is entitled to as reasonable men looking at it impartially. You should consider the evidence all together. Where there is a conflict in the testimony you should reconcile it if you can upon any reasonable hypothesis. If you cannot reconcile their testimony, then you must determine whom you will believe. You are the sole judges of the facts. If you find the issues for the plaintiff you should consider the extent of the injury

as it appears from the evidence, whether it is permanent or temporary. You have a right also to take into consideration the physical pain and mental anguish caused by the injury and the extent which the plaintiff has been deprived of the capacity to earn a living or to accumulate money or other property. You have a right to take into consideration the injury to his property, the fact that his horse was killed, the injury to the wagon and the harness, if you believe from the evidence that they were injured, and, so considering all the evidence with respect to the injury of the plaintiff and his property as described in the complaint, you should give him such compensation as will remunerate him for the injury sustained. You must look at it in a pecuniary point of view, estimating his loss in money."

*Mr. C. W. Bennett* for plaintiff in error submitted on his brief.

*Mr. Orlando W. Powers* for defendant in error.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

1. At the trial the defendant asked the court to instruct the jury that "it was the duty of the plaintiff before he crossed the line of defendant's railway, or approached it so closely that he might be injured by cars passing thereon, to look and listen up and down the track for approaching cars, and if he failed to so look and listen just prior to and up to the time of the accident, and if by so doing he could have discovered the approaching cars in time to have avoided the accident, his failure to so look and listen was negligence contributing to his injury, and your verdict must be for defendant, unless you believe defendant's servant in charge of said cars discovered plaintiff's danger in time to have avoided the accident by the use of ordinary care."

The refusal to give this instruction was not error, for the reason that all the propositions in it were embraced in the charge to the jury, and it was not necessary to repeat them

in special instructions asked by either party. The court had previously charged the jury as follows: "That though the defendant may have been guilty of negligence that contributed to the injury, yet if the plaintiff was also guilty of negligence that contributed to the injury he cannot recover, and in determining whether he acted with due care you may take into consideration the circumstances under which he was acting. You have a right to take into consideration he was travelling upon the travelled way usually travelled by persons hauling ore to this train. You have a right to take into consideration the observation that he made, so far as the evidence shows it — whether he looked out, as he should have done, for the danger of coming cars or whether he listened. You should take into consideration all of the circumstances — all that he did and all that he failed to do — in order to determine whether he acted with due care or was guilty of negligence. The court further charges you that if the plaintiff attempted to cross defendant's line of railway or to approach so near it as injury might have resulted to him, where he should, by the exercise [of] ordinary care, see that it was especially dangerous, it was plaintiff's duty to use an amount of care proportionate to the danger. Of course, when persons are acting under dangerous circumstances and conditions, it is their duty to act with respect to the danger that surrounds them and to use a greater degree of care where there is much danger than where there is but little."

The jury were also instructed that it was their duty to take into consideration all the evidence bearing upon the question of negligence, and, in the light of it all, determine whether the defendant was guilty of the negligence charged, or whether the plaintiff was guilty of negligence contributing to the injury.

Thus the jury were distinctly told that, taking into consideration all the circumstances, all that the plaintiff did or failed to do, including such observation as the plaintiff made, so far as the evidence showed it, they must determine whether "he looked out, *as he should have done*, for the danger of coming trains, or whether he listened." This is a distinct affirma-

tion of the duty to look out for the coming of trains. When to this specific reference to the duty of looking and listening for approaching trains was added the general instruction that the plaintiff must have used such care as was proportionate to the danger of injury resulting from the crossing of a railroad track, otherwise he could not recover, no foundation is left upon which to rest the charge of error in refusing the particular instruction asked by the defendant.

2. It is assigned for error that the trial court refused to give the following instruction asked by the defendant: "If before crossing defendant's line of railway or approaching the same so closely that he might be injured by cars passing thereon, the plaintiff did look and listen for approaching cars and ascertained that such cars were approaching, or might have so ascertained if he had looked and listened with ordinary care, then it was negligence for the plaintiff to drive so close to such railway as to be injured by passing cars, although the plaintiff may have believed that he could succeed in crossing said line before the cars reached the place of collision, and your verdict must be for defendant unless you believe that defendant's servant in charge of said cars discovered plaintiff's danger in time to have avoided the accident by the use of ordinary care."

The only distinct thought in favor of the defendant embodied in this instruction, not covered by the charge of the court, was that it was negligence in the plaintiff to drive so close to the railroad as to be injured by passing cars. But upon this point the charge of the court was full and abundantly explicit; for, the jury were told that they must look at all the circumstances in determining whether the plaintiff acted with due care or was guilty of negligence; that if he attempted to cross the railroad or to approach so near to it that injury might have resulted, he was under a duty to use such care as was proportionate to the danger; and, generally, that all persons acting under dangerous circumstances and conditions must have due regard to the danger that surrounds them, and use a greater degree of care where there was much danger than where the danger was but little.

3. It is next assigned for error that the trial court refused the following instruction asked by the defendant: "If the defendant licensed the plaintiff to go with his team in that portion of its yard where plaintiff was injured, yet defendant would not be liable to plaintiff for any injury resulting to him from any condition of the premises known to the plaintiff from the ordinary nature of the business carried on by it there."

This instruction might well have been refused as inapplicable to any issue made by the pleadings. The plaintiff did not ground his action upon any defective condition of the defendant's premises, nor upon the manner in which its business on such premises was ordinarily carried on. His claim for damages was placed solely on the ground of the defendant's negligence in running its cars over its track. Nevertheless, the court, out of abundant caution, distinctly charged the jury that the defendant was not liable to the plaintiff for any defect in the manner of locating or in the construction of its tracks or switches; that the location or construction of the switches was not alleged as a cause of action; and that it was the duty of the jury, in order to determine whether the plaintiff or the defendant acted negligently or with due care, to take into consideration the location of the tracks and the whole situation as shown by the evidence in order to determine whether they did act prudently and with good care or, on the contrary, whether they acted with negligence. These instructions meet any possible objection to the refusal of the trial court to give the above instruction asked by the defendant.

4. Another assignment of error relates to the refusal of the trial court to give the following instructions: "If the plaintiff saw the cars coming and knew that there was danger of a collision, or by the use of ordinary care could have so seen and known in time to escape therefrom by leaving his wagon, and if, notwithstanding such danger, he remained in his wagon for the purpose of attempting to save his wagon or horses, then you should not find a verdict in favor of the plaintiff in respect to any injury to his person unless you believe from the evidence that the brakeman in charge of said cars saw plain-

tiff's danger in time to have avoided the accident by the use of ordinary care."

It was not an error to refuse this instruction. It was liable to the objection that it singled out particular circumstances and omitted all reference to others of importance. In *Grand Trunk Railway* v. *Ives*, 144 U. S. 408, 433, it was said that "in determining whether the deceased was guilty of contributory negligence, the jury were bound to consider *all* the facts and circumstances bearing upon that question, and not select one particular prominent fact or circumstance as controlling the case to the exclusion of all the others." If the question of the ability of the plaintiff to have escaped personal injury "by leaving his wagon" was involved in the issue as to contributory negligence, the jury were entitled to consider the evidence relating to that matter under the general direction to look at all the circumstances in determining whether the plaintiff was injured without fault or negligence on his part. The charge upon that subject was ample for all the purposes of a fair trial, and no injustice was done to the defendant by the refusal of the court to single out the fact that the plaintiff did not jump from or leave his wagon as the defendant's train approached, and take the chances of being personally injured in that way. Besides, the instruction asked by the defendant was so framed as to leave out of view any element of personal danger to the plaintiff by attempting to leave his wagon, provided, by getting out of it or by jumping from it, he could have escaped injury by coming into collision with the defendant's cars. The jury might well have understood the instruction to mean that the possibility or probability of personal injury to the plaintiff by leaving his wagon was an immaterial circumstance if, by adopting that course, he could have escaped injury by actual collision with the cars of the defendant. The railway company could not escape responsibility for the negligence of its servants, resulting in personal injury to the plaintiff, by showing that the latter might not have been so seriously injured if he had left or jumped from his wagon. In the very nature of things it would have been impossible for the jury, under the circumstances of the accident, to have

determined with any certainty whether the plaintiff could have left his wagon without risk of being injured.

Upon a careful examination of the record, we have no reason to doubt that the case was fairly submitted to the jury; and no error of law to the prejudice of the defendant's rights having occurred, the judgment of the Supreme Court of the Territory of Utah affirming the judgment of the trial court is

*Affirmed.*