### LANGBEIN v. SWIFT et al.

(Circuit Court, W. D. Tennessee. January 20, 1903.)

1. INSTRUCTIONS—FORM—SUBMITTING ISSUE OF CONTRIBUTORY NEGLIGENCE.

In submitting to a jury the question of plaintiff's contributory negligence in an action for a personal injury, where there are a number of facts to be determined bearing on the issue, it seems the better practice to instruct the jury as to the principles of law by which they are to be controlled, leaving them to apply such principles to the facts found, rather than to instruct that, if the jury find certain enumerated facts to be established by the evidence, those facts would constitute negligence, as matter of law.

2. DAMAGES—PERSONAL INJURY—EXCESSIVE VERDICT.

A verdict for $7,500 damages for a personal injury to plaintiff, amounting at most to a partial displacement or dislocation of his knee cap, *held* excessive.

At Law. On motion for new trial.

L. M. T. Canada and John E. Bell, for plaintiff.

John P. Edmondson and Malone & Malone, for defendants.

HAMMOND, J. At the trial of this case no exceptions were taken by either side to the instructions given by the court to the jury, except certain formal exceptions not pertinent to this application for a new trial. But while the jury were considering the case they came in, and propounded in writing a question which, in effect, asked the court to decide for them the issue of contributory negligence on the part of the plaintiff. The court submitted this question to counsel on either side, and asked their advice as to the answer to be given to the jury. The plaintiff's counsel submitted an answer that, in effect, told the jury that the question they had propounded was the very issue submitted to them for decision, and that it was not proper for the court to decide it. The defendants' counsel submitted two special

instructions, either of which was, in effect, a direction to the jury to find the issue of contributory negligence in favor of the defendants. The court gave the answer submitted by the plaintiff, but repeated substantially the original instructions given to the jury upon the question of contributory negligence. Later they returned a verdict of $7,500 in favor of the plaintiff.

The motion for a new trial goes upon several grounds, but we need not consider more than two of them, except to say that, so far as the objection to the verdict is based on the contention that it is contrary to the weight of the evidence, it is sufficient to point out that there have been two verdicts against the defendants on the issues of their own negligence and that negligence they impute to the plaintiff; and a court, therefore, should be slow to set up its judgment against that of the two juries on that question.

First, we will consider the ground taken that the court should have given either one or the other or both of the two answers the defendants submitted in response to the jury's question, and should not have given the response it did give to the jury. Perhaps it will be best to quote in full the question of the jury, and the special instructions asked by the defendants in response to it.

### The Question of the Jury.

"If a person, knowing that a building was being remodeled or rebuilt, saw brick and débris on the sidewalk, and did not know of any hole in sidewalk, and in passing along the sidewalk, with no barrier to prevent him, is he guilty of contributory negligence, even if he knew of improvements going on, if he should fall in a hole? With this previous knowledge of improvements and attendant dangers, can he recover under the law in case of accident?"

### Response Submitted by the Plaintiff.

"The law has impaneled the jury to answer the very question which you asked the court. You are the sole judges of the question as to whether or not a man of ordinary prudence would have used this sidewalk as plaintiff did under these circumstances."

### Response Submitted by the Defendants.

"(1) If plaintiff had knowledge of the building being repaired, which he had received by seeing brick and débris on the sidewalk, and having seen the inner walls torn out, this was sufficient to put a prudent man on his guard, and especially at night, when it was dark. His walking on this sidewalk under these circumstances was negligence, and would be contributing to his own injury, and therefore contributory negligence, and he cannot recover.

"(2) If the jury find that the plaintiff and his companion, Soverans, were walking on the sidewalk, where he could plainly see débris, etc., and knew the walls of the building were torn down, and that he wished to get in this path where Soverans was walking, and which was light, and instead of stepping short off, to allow Soverans to pass on, and then himself step behind Soverans in the path, he (the plaintiff) stepped over towards the wall, and in the dark fell in the hole, then this was contributory negligence which would prevent the jury from rendering a verdict for the plaintiff, and you should find for the defendant."

Analyzing the question of the jury, and the defendants' proposed responses to it, and we can see that all of them ignore quite entirely important circumstances disclosed by the evidence bearing upon the issue of the plaintiff's contributory negligence. The question of the jury assumed, as we infer, that the plaintiff did not know of the

121 F.—27

hole in the sidewalk; also that there was no barrier to prevent his taking the sidewalk; and so far it suggests facts in his favor on this issue of his contributory negligence; but it makes no mention of other facts in the proof. Particularly (and this is mentioned as a sample, only), it does not notice the evidence which tended to show that there was on the sidewalk, notwithstanding the brick and débris upon it, an open space, fit for walking, along which pedestrians constantly did pass, notwithstanding the obstructions and the appearance indicated by the structures connected with the work that was being done by the contractors. The proposed responses of the defendants not only ignore this last-mentioned and other evidence, tending likewise to show indications of safety to the plaintiff in using the sidewalk, but also they ignore even the facts suggested by the jury's question in favor of the plaintiff on the issue of contributory negligence. These are defects which almost invariably accompany special requests, and quite as invariably justify their rejection by the court. Such omissions constitute the infirmity which inheres in the plan of instructing a jury upon an issue of negligence which adopts a form of stating that, if the jury find certain enumerated facts to be established by the evidence, those facts would constitute negligence, in law. That method of instruction, whether the charge be formulated by counsel or the court, usually degenerates into a more or less specious invitation to the jury to consider a part of the evidence only. It is very urgently insisted in the argument on this motion that this "hypothetical" method of submitting the issue of negligence to the jury is the only proper method, and that it was error in the court not to give these two proposed responses to the jury's question. I do not find that the question of the proper mode of submitting the issue of negligence to the jury by the charge of the court has been at all settled by the supreme court of the United States, nor that there is any common agreement of authorities upon the question.

My own opinion has been that a court may adopt either method of submitting the issue to the jury, and that, for the reason already suggested, it is better to submit it "under proper directions as to the principles of law by which the jury should be controlled," to use the words of Mr. Justice Harlan in his opinion in the case of Railroad Co. v. Converse, 139 U. S. 469, 472, 11 Sup. Ct. 569, 570, 35 L. Ed. 213. If one party should submit an hypothesis of a series of facts in his favor to be found by the jury, and ending with an adjudication by the court that such a finding would, as a matter of law, constitute negligence, and the adverse party should submit another hypothesis of a series of facts, ending with another adjudication by the court that such a finding would constitute due care, the jury then might get both sides of the question. Or if the court should carefully construct an hypothesis—one or more—impartially embodying all the results of the evidence on both sides, with an alternative adjudication as to which would be negligence and which due care, the jury might get a comprehensive view of both sides of the issue. But in the case of special instructions submitted by counsel generally, it would be a mere combat of skillfulness on their part; the most skillful getting his side of the case to the jury, while the other might in some degree or wholly

fail to present his side of the issue. The most careful and intelligent judge, in constructing such hypotheses as this practice demands, is likely to give undue weight to some facts, and possibly omit altogether other important facts bearing more or less on the issue. His skillfulness might not be always quite equal to the task of presenting both sides of the issue impartially to the jury by complete selections for the series of facts to be found by the jury. Therefore I am inclined to follow the practice of giving proper instructions as to the principles of law by which the jury should be controlled, rather than the other.

It may be said that such remissness of court or counsel is equally incident to either plan, and the consequent possibilities equally inseperable from both; but, considering the particular function of the jury, is not the danger of undue influence by the court, or of misleading the jurors by some imperfect construction of the hypothetical series, greater in the one plan than in the other? In the case now under consideration, since neither party lodged any exceptions to the instructions that were given by the court in the premises, I am the more disinclined to grant this motion upon the ground that the court erred in following its ordinary practice, and refusing the special requests of the defendants in response to the jury's question. Even if the proposed special instructions had been faultless in their soundness and impartiality, it might have misled the jury thus to change the method of instructing them in answer to their question, and so adherence to the original instructions that were unexcepted to was thought to be best.

The ordinary method followed by me in this case was used and approved by the supreme court in the case of Railroad Co. v. Ives, 144 U. S. 408, 412, 433, 12 Sup. Ct. 679, 36 L. Ed. 485; Ives v. Railroad Co. (C. C.) 35 Fed. 176. See, also, Railroad Co. v. Leak, 163 U. S. 280, 288, 16 Sup. Ct. 1020, 41 L. Ed. 160. It was also approved by the court of appeals in this circuit in the case of Railroad Co. v. Farra, 13 C. C. A. 602, 66 Fed. 496. See, also, Mining Co. v. Berberich, 36 C. C. A. 364, 94 Fed. 329, 333; Spurr v. U. S., 31 C. C. A. 202, 87 Fed. 701, 706; and Bronson v. Oakes, 22 C. C. A. 520, 76 Fed. 734, 738, 739. The opinion in Railroad Co. v. Stout, 17 Wall. 657, 663, 21 L. Ed. 745, instructively indicates the several categories into which cases concerning negligence may be grouped in their relation to the question of its adjudication as a matter of fact by the jury, or as a matter of law by the court. And it is a deduction from this decision which, in my judgment, seems to preclude the plan of instructing a jury that a particular series of the facts constitute negligence when the case falls within that class of cases "that the law commits to the decision of a jury"; but it must be admitted, I think, that the supreme court of the United States has never definitely decided the point of practice here involved. If the court is to pass more directly on the issue of negligence as a matter of law, it seems to me better to have a special verdict finding the series of facts directly testified to by the witnesses, as well as those to be found as inferences of fact from the others, and then let the court pass upon the law arising out of these findings after they are made by the jury, rather than before.

But this motion for a new trial must be granted upon the other

ground that the verdict of the jury is enormously excessive. Two verdicts have been had against the defendants in this case, and I should not give another new trial if the amount of the damages assessed by the jury were at all reasonable. When our Brother Clark tried the case at the last term, there was a verdict of $500 in favor of the plaintiff, which he vacated because, in his opinion, it was inadequate. He then advised me of the amount which he thought would have been fair and just, and for which he would have sustained the verdict; but, to make sure of his judgment on that question, I have submitted to him this finding of the jury, and he agrees with me that it is largely excessive, thus supporting my own judgment in the premises. The testimony of the plaintiff himself, his wife, and his physician, does not support so large a verdict as this. Ordinarily, where death ensues from such negligence, less amounts than that of this verdict are given; rarely more. I abstain from any particular commentary upon the proof as to the plaintiff's injury, because there must be another trial of the issues, including that of the character of those injuries. It is sufficient now to say that he has not lost his leg, and has sustained only a more or less serious injury to the knee cap, amounting, at most, to its partial displacement or dislocation.

Motion granted.