ALASKA ANTHRACITE R. CO. v. MOLLER.

(Circuit Court of Appeals, Ninth Circuit.   May 5, 1919.)

No. 3265.

1. CONTINUANCE ⊂═26(4)—ABSENCE OF WITNESS—DILIGENCE—DISCRETION OF
   COURT—STATUTE.
       In a railroad servant's action for injuries, denial of the road's motion
   for continuance to enable it to secure the testimony of a witness, whom a
   counter affidavit showed to be an employé of defendant company, held
   within the discretion of the court, under Comp. Laws Alaska 1913, § 1001,
   in view of showing as to diligence.

2. TRIAL   ⊂═253(4)—INSTRUCTIONS—ASSUMPTION   OF   RISK—CONTRIBUTORY
   NEGLIGENCE—IGNORING ISSUES.
       In a railroad servant's action for injuries, the road's requested instruc-
   tions on assumption of risk and contributory negligence held properly re-
   fused, as not fitting the case, but ignoring an allegation of the complaint.

In Error to the District Court of the United States for the Third
Division of the Territory of Alaska; Fred M. Brown, Judge.

Action by Arnold Moller against the Alaska Anthracite Railroad
Company.   To review a judgment for plaintiff, defendant brings error.
Affirmed.

R. M. Jones, of Seattle, Wash., Lyons & Ritchie, of Valdez, Alaska,
and Lyons & Orton, of Seattle, Wash., for plaintiff in error.

Donohoe & Dimond, of Valdez, Alaska, and R. F. Lewis, of San
Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge.   The defendant in error, Moller, a laborer
with a track-laying gang, was injured while returning from work up-
on a work train belonging to the railroad company.   The car upon
which Moller rode was a "home-made affair," of light weight, and with
a standard flat car behind was being pushed by the engine.   The track
was new;   the rails having been laid but a week before, without ar-
tificial grade.   The train was running about 20 miles an hour.   There
was a sag, and as the car was pushed up it jumped the track, the
cars piled up, and Moller was hurt.   The defendant corporation de-
nied allegations of excessive speed, denied any negligence, and pleaded
assumption of risk and contributory negligence.   Defendant rested
upon a motion for nonsuit.   The motion was overruled, the jury was
instructed, and verdict rendered for plaintiff.   Writ of error was
brought.

[1] The railroad company contends that the court erred in denying
its motion for a postponement of the trial of the case.   Our inquiry is
solely whether or not there was an abuse of judicial discretion.   The
affidavit with the motion for a continuance was made on May 27, 1918,
by one of the attorneys for the railroad company.   It set forth that since
the institution of the action, December, 1917, none of the officers of
the company had been in Alaska; that affiant was informed by Mr. Ly-
ons, his co-counsel in Seattle, that since January, 1918, all of the offi-

cers of the company had been in Washington, D. C., on important business for the corporation; that when the case was brought to issue in April, 1918, "or shortly before that date," affiant informed his co-counsel in Seattle by letter that the case would probably be set for trial late in May, and that it would be "necessary for defendant to be ready for trial before the end of that month"; that affiant was informed by letter and cablegrams from his co-counsel at Seattle that he had been diligently "trying to secure testimony in behalf of defendant for the past two months," but that because of the absence of the officers of the company from Seattle "said Lyons was unable to learn until a few days ago what witnesses and evidence defendant would produce in its behalf"; that this information came partly in a letter received from said Lyons on May 23, 1918, and partly in a cable message received on May 25, 1918; that said cable message stated that affidavits for a continuance would be made "to-day" at Seattle; that, so far as affiant had information, the substance of the testimony contained in the affidavits would be as follows: That one Nelson, in charge of construction work for the railroad company by virtue of a contract with defendant, would, if sworn, testify that he was in charge of construction in the summer of 1917; that he employed all laborers and had a monthly settlement with the company, his own compensation being $7\frac{1}{2}$ per cent. of his expenditures; that the foreman (Palmer) named in plaintiff's complaint was employed by him and under his direction, and was not employed by the railroad company, or subject to its orders; that there was a standing order to all employés not to ride upon the car upon which plaintiff was riding when he was injured; that the foreman, Palmer, would testify that there was such a standing order to employés, and that it was well understood by the men; that upon the evening of the accident the men could have ridden on the standard flat car, as they were ordered to do; that to the best of his knowledge and belief affiant's co-counsel was unable until very recently to find and talk to said Nelson, the foreman; and that to the best of affiant's knowledge and belief Lyons had not been able to locate Palmer, the foreman.

The action was instituted December 12, 1917; summons was served upon defendant's agent in Alaska January 10, 1918; defendant filed a motion on February 9, 1918; the motion was denied March 15th, and answer was filed April 13th; reply was served on April 17th; on May 1st the court set the trial for May 17th, upon which day the motion for continuance and the affidavit in support thereof were filed.

The plaintiff below resisted the motion for a continuance, and his counsel by affidavit set forth that, when the motion to strike from the plaintiff's complaint was heard, plaintiff's attorneys announced in open court that they would earnestly urge and insist upon a trial at the first jury term of the court; that plaintiff, since his injury, had been confined in a hospital at Cordova, Alaska; that he was "entirely without means and unable to perform any kind of labor by which he could earn a livelihood"; that he had made a journey from Cordova to Valdez, bringing witnesses in support of his case; that he was ready to proceed with the trial, and that to continue the case over the term would

practically be a denial of justice, as he would be unable again to assemble his witnesses at the next jury term of the court; that by a motion filed on April 18, 1918, plaintiff had sought to require defendant to furnish plaintiff inspection of the contract alleged to have been entered into between Nelson and the defendant railroad company for the construction of the railroad; that the court ordered production for inspection before May 15th, but that after that date one of the counsel for the defendant company notified counsel for plaintiff that defendant did not have such a contract, and that therefore such inspection could not be had; that the only contract between Nelson and the company, pertaining to the employment of Nelson for construction, was contained in the minutes of a meeting of the board of trustees of the railroad company held May 9, 1918, but that an examination of said minutes disclosed that Nelson was employed by defendant and was receiving a salary, and that his duties were supervising and directing construction of the railroad.

Section 1001, Compiled Laws of the Territory of Alaska 1913, provides as follows:

"A motion to postpone a trial on the ground of absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and a statement of facts showing that due diligence has been used to procure it, and also the name and residence of the witness or witnesses."

We think plaintiff in error has failed to show diligence used to procure the attendance of Nelson as a witness. The showing is rather to the contrary, for the affidavit of counsel for defendant is that his co-counsel, Mr. Lyons, "was unable until very recently to find and talk to said George W. Nelson." Exactly what counsel meant by "very recently" is not disclosed; but apparently there was ample time between the date that the court set the case for trial and the date of the calling of the case for trial in which counsel could have procured the testimony of Nelson, or obtained an affidavit stating precisely what he would swear to if called to testify. Furthermore, there was the counter affidavit. The minute book of the company showed that Nelson was an employé of the defendant company and was receiving a salary.

With respect to evidence by Palmer in the affidavit in support of the motion for continuance, counsel does not assume to say that Palmer would be present to testify if the trial were postponed. There was no showing of effort, much less diligent effort, to find Palmer in order that his evidence might be had. The motion presented a matter for the exercise of judicial discretion, and no sound reason is given for interference with the decision rendered.

[2] It is urged that the court erred in refusing a requested instruction, stating substantially that the plaintiff knew the condition of the roadbed, or should have known it by observation, and that he took whatever risk was involved in riding upon the train upon which he was injured, and in refusing a request that, if it were more dangerous for Moller to ride on the front of the car at the head of the train than upon the standard car, he was guilty of contributory negligence in riding where he was. Counsel for plaintiff in error, in commenting upon

257 F.—33

the issues of assumption of risk and contributory negligence, say that the court's instructions were "a fair statement of the law, but not so explicitly worded to fit the facts of the case." Surely, however, the requests did not fit the case, for they wholly ignored the important allegation of the plaintiff's complaint, which charged negligence on the part of defendant in driving the train and car on which the plaintiff was riding over the 'defective railroad track at an unusually high rate of speed, as well as the uncontradicted evidence in support of this allegation.

We find no error in the action of the court. Rio Grande Western Railroad Co. v. Leak, 163 U. S. 280, 16 Sup. Ct. 1020, 41 L. Ed. 160; Seaboard Line v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475. Upon a careful examination of the record, we find that the case was one for submission to the jury, and that there was no error of law against the rights of the plaintiff in error.

The judgment is affirmed.