Hans J. **SORENSON**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 14379.

United States Court of Appeals Ninth Circuit.

Oct. 11, 1955.

Vernon F. Gant, Modesto, Cal., for appellant.

Perry W. Morton, Asst. Atty. Gen., J. Harold Weise, Sp. Asst. to Atty. Gen., Roger P. Marquis, Edmund B. Clark, Attys., Dept. of Justice, Washington, D. C., Lloyd H. Burke, U. S. Atty., John E. Lynch, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, HEALY, Circuit Judge, and JAMES M. CARTER, District Judge.

DENMAN, Chief Judge.

Sorenson appeals from a decision of the District Court holding him and his former partner, Theo. O. Lydecker, liable to the United States Government for rentals on a lease with the Department of Agriculture of certain property owned by the Government and a contract with the Commodity Credit Corporation for the delivery of certain dehydrated potatoes. It is not questioned that the United States may sue on these contracts.

A. *The Lease Agreement.* The partners leased certain lands from the United States at an agreed rental, which lease was amended changing the date for the rental payments. Thereafter the partnership was dissolved, Lydecker assuming all Sorenson's liabilities under the lease. Thereafter the lease was again amended changing the amounts of the rentals and the dates of the payment. It is not questioned that the alterations after the dissolution of the partnership are material.

Sorenson contends that the district court erred in not holding him free of liability on the lease under the provisions of California Corporations Code, § 15036(3) which reads:

"Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, *consents to a material alteration in the nature or time of payment of such obligations.*" [Emphasis added.]

We agree with the district court that Sorenson has not maintained his burden of proof, that the United States had knowledge before the last modification of the lease that Lydecker had agreed to assume the existing obligation to pay the rentals on the original lease. The evidence shows no more than that the partnership had been dissolved. Nothing was shown of Lydecker's assumption of Sorenson's liability.

B. *The suit on the potato contract with the Commodity Credit Corporation was not barred by the statute of limitations.*

The Commodity Credit Corporation is empowered by Congress to make such contracts in the usual course of its corporate business and the contract was so made. Concerning such usual contracts

made in the course of its business, 15 U.S.C.A. 714b(c) provides:

"No suit by or against the Corporation shall be allowed unless (1) it shall have been brought within six years after the right accrued on which suit is brought * * *."

Sorenson contends for the first time on appeal that the suit was so barred and for the purposes of this opinion it is assumed that the suit was brought against him more than six years after the claimed breach of the contract.

Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, so far as pertinent:

"(c) Affirmative Defenses. In pleading to a preceding pleading, a party *shall* set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." [Emphasis added.]

Concerning the failure, as here, of Sorenson to set forth in his answer or by motion or at the trial his defense of the above statute limiting the time on which the suit in the potato contract could be brought, Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides:

"(h) Waiver of Defenses. A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. The objection or defense, if made at the trial, shall be disposed of as provided in Rule 15(b) in the light of any evidence that may have been received. As amended Dec. 27, 1946, effective March 19, 1948."

It is apparent that Sorenson is not now entitled on appeal to rely on the above time limitation. Van Sant v. American Express Co., 3 Cir., 169 F.2d 355.

However, he contends, alternatively, that the time limitation requires us to hold under 15 U.S.C.A. § 714b(c) that the district court was without jurisdiction to proceed after the six years succeeding the breach of the contract, citing Berry v. Heller, D.C.E.D.Pa., 79 F.Supp. 476 and Matheny v. Porter, 10 Cir., 158 F.2d 478.

Neither of these cases is applicable. in both the liability itself was created by statute not by contracts made in the usual course of corporate transactions. As to such specific statutory liabilities they hold that the complaint must show affirmatively that the suit is brought in the statutory time. In Berry v. Heller, 79 F.Supp. at page 477 the district court states:

"But, where, as here, the statute creating the liability also sets the time within which an action may be brought to enforce it, the bringing of a suit within that time is an indispensable requirement to the maintenance of the action. That is, if suit is not brought within the time specified, the right of action itself is extinguished in addition to the remedy being no longer available."

In Matheny v. Porter, the Tenth Circuit states [158 F.2d 479]:

"But here, section 205(e) creates a new liability, one unknown to the common law and not finding its source elsewhere. It creates the right of action and fixes the time within which a suit for the enforcement of the right must be commenced. It is a statute of creation, and when the period fixed by its terms has run, the substantive right and

the corresponding liability end. Not only is the remedy no longer available, but the right of action itself is extinguished. The commencement of the action within the time is an indispensable condition of the liability. Cf. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Midstate Horticultural Co., Inc., v. Pennsylvania R. Co., 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96.

"In a case of this kind brought under the provisions of a statute creating the right of action where none previously existed and qualifies the right of action by requiring that the suit to enforce it be brought within a limited time, it must affirmatively appear from the face of the complaint that the action was commenced within the prescribed time."

The judgment is affirmed.