SYSTEMS INCORPORATED, a Florida
Corporation, Plaintiff-Respondent,

v.

BRIDGE ELECTRONICS COMPANY,
Inc., a New Jersey Corporation,
Defendant-Appellant.

No. 14433.

United States Court of Appeals
Third Circuit.

Argued Feb. 3, 1964.

Decided Aug. 14, 1964.

Robert H. Malis, Philadelphia, Pa.
(Malis, Malis & Malis, Philadelphia, Pa.,
Benjamin Asbell, Camden, N. J., on the
brief), for appellant.

John C. Heavey, Jr., Newark, N. J.
(Carpenter, Bennett & Morrissey,
Charles B. Collins, Newark, N. J., on the
brief), for appellee.

Before McLAUGHLIN, GANEY and
SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This action for breach of contract was
tried to the court and a jury and resulted
in a verdict in favor of the plaintiff and
the entry of judgment accordingly. The
defendant, pursuant to rule 50(b) of the

Federal Rules of Civil Procedure as amended, 28 U.S.C.A., moved for judgment notwithstanding the verdict in accordance with its earlier motion for a directed verdict made at the close of the evidence and, in the alternative, for a new trial. The motion was denied and this appeal followed. The nature of the errors assigned are such that a detailed recital of the evidence seems wholly unnecessary.

The complaint in this action alleged first, that in February and April of 1961, the parties had entered into a contract[1] pursuant to the terms of which the plaintiff had agreed to manufacture and deliver to the defendant 259 sets of electronic filters at a cost of $510 per set; second, that the defendant failed and refused to perform under the contract and in July of 1961 gave notice of cancellation; and third, that by reason of the alleged breach the plaintiff suffered a loss of profits and other damages. The answer contained nothing more than a general denial of the allegations of the complaint and was therefore not in compliance with rule 8(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

After issue joined, the parties appeared before the trial court at a pretrial conference held pursuant to rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Each of the parties submitted a memorandum which was incorporated in the pretrial order by reference. The only triable issue defined in the order was that raised by the defendant's contention that the "preproduction samples" failed to meet the requirements of the specifications and the cancellation of the contract was therefore legally justified. The action proceeded to trial on this issue. The only evidence offered at the trial was that offered by the plaintiff; the defendant offered none.

■ The defendant contends that the contract was procured by the plaintiff's misrepresentation, fraud and economic duress, and was therefore voidable, an affirmative defense which should have been pleaded as required by rule 8(c) of the Federal Rules of Civil Procedure as amended, 28 U.S.C.A. The difficulty with the contention lies in the fact that it is raised here for the first time.

■ An affirmative defense which is neither pleaded as required by rule 8(c) nor made the subject of an appropriate motion under rule 12(b) is waived. Rule 12(h), 28 U.S.C.A.; Wagner v. Fawcett Publications, 307 F.2d 409, 412 (7th Cir. 1962), cert. den. 372 U.S. 909, 83 S.Ct. 723, 9 L.Ed.2d 718; Welch v. Sherwin, 300 F.2d 716, 717 (D.C. Cir. 1962); Sorenson v. United States, 226 F.2d 460, 462 (9th Cir. 1955); Oedekerk v. Muncie Gear Works, 179 F.2d 821, 824 (7th Cir. 1950); Van Sant v. American Express Co., 169 F.2d 355, 372 (3rd Cir. 1947); see also United States v. Ivy Hall Apartments, Inc., 310 F.2d 5, 10 (3rd Cir. 1962). The waiver is final if the defendant fails to correct the omission either prior to trial or during trial, as permitted by rule 15(a) (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Ibid. The defendant made no application to amend the pleadings or otherwise correct the omission.

■ Rule 15(b), supra, provides in pertinent part as follows:

"When issues not raised by the pleadings are tried by *express or implied consent of the parties*, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues*." (Emphasis supplied).

The rule is applicable only where it clearly appears from the record that an issue not raised in the pleadings and not preserved in the pretrial order has in fact

---

1. The terms and conditions of the contract are embodied in the series of letters and purchase orders.

been tried and that this procedure has been authorized by express or implied consent of the parties. Freitag v. The Strand of Atlantic City, 205 F.2d 778, 781 (3rd Cir. 1953); Hasselbrink v. Speelman, 246 F.2d 34, 39 (6th Cir. 1957).

We have examined the record, including portions thereof not reproduced in the appendices, and find that the only issue tried and submitted to the jury for determination, aside from collateral issues, was that raised by the defendant's contention that the contract was voidable because the electronic sets failed to conform to specifications. The pertinent instructions of the court, to which no objections were taken, related solely to the issue as defined by the pretrial order. It is of further significance that of nine written requests to charge submitted by the defendant, none referred to the issue it raises here for the first time. We find nothing in the record from which it can be inferred that the parties regarded the issue as one then being tried. It appears that the contention now raised is an afterthought prompted by the inability of the defendant to find reversible error in the record of the case as tried.

■ However, even if we assume that the affirmative defense had been raised properly, it would not have availed the defendant. The only evidence in this case was that offered by the plaintiff and we find nothing therein that would have supported a factual determination that the plaintiff was guilty of willful misconduct involving misrepresentation, fraud or economic coercion.

The defendant further assigns as error the refusal of the trial court to grant its request that the jury be instructed as follows:

"If you find from the testimony of Dr. Horton and/or other evidence before you that the design of the filters manufactured by the plaintiff corporation did not conform to the specifications for Western Electric filters #220E, 220D and 218N, your verdict must be for the defendant."

The instruction as applied to the evidence in this case was erroneous.

■■ However, assuming that the requested instruction was correct, the assignment of error must fail for another reason. The subject matter of the request was correctly and adequately covered by an instruction to which there was no proper objection. The trial court specifically stated the issue to be decided and outlined the relevant factors the jury might consider in reaching that decision. There was therefore no duty on the trial court to instruct the jurors in the language requested. Westmoreland v. Memphis Transit Company, 305 F.2d 71, 72 (6th Cir. 1962); Puggioni v. Luckenbach Steamship Company, 286 F.2d 340, 344 (2nd Cir. 1961). Besides, the instruction as framed was defective in that it singled out for special emphasis a portion of the testimony of only one witness while making only cursory reference to "other evidence" equally relevant, a defect not present in the general instructions of the court. The refusal of the request was therefore proper. Rio Grande Western Railway v. Leak, 163 U.S. 280, 288, 16 S.Ct. 1020, 1023, 41 L.Ed. 160 (1896); Fleming v Husted, 164 F.2d 65, 70 (8th Cir. 1947), cert. den. 333 U.S. 843, 68 S.Ct. 661, 92 L.Ed. 1127. The requested instruction, if given, would have been misleading to the jury.

■ The other argument advanced in support of reversal challenges as erroneous the refusal of the trial court to grant a directed verdict. It is argued that the facts "elicited upon cross-examination of plaintiff's witnesses warranted a directed verdict for the defendant." We do not agree. There were in this case sharply contested issues of fact which were properly submitted to the jury for determination under adequate instructions. The weakness of the defendant's position is evident from its failure to present any testimony to refute the persuasive evidence offered by the plaintiff.

The judgment of the court below will be affirmed.