# NELSON *v.* SOUTHERN RAILWAY COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 129. Argued January 8, 1918.—Decided March 4, 1918.

A civil engineer, employed by a railroad company, while surveying within one of its yards, was injured by a fall resulting from a defective tie and a space between ties unfilled by ballast. In an action

under the Federal Employers' Liability Act, *held,* upon the evidence, that the company did not fail in any duty which it owed to him. 170 N. Car. 170, affirmed.

THE case is stated in the opinion.

*Mr. A. L. Brooks,* with whom *Mr. O. L. Sapp, Mr. S. Clay Williams, Mr. R. C. Kelly* and *Mr. C. L. Shuping* were on the brief, for plaintiff in error.

*Mr. Garland S. Ferguson, Jr.,* with whom *Mr. H. O'B. Cooper, Mr. L. E. Jeffries, Mr. Clement Manly* and *Mr. John N. Wilson* were on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Nelson, a civil engineer who had been in the employ of the Southern Railway eleven years, was directed to make a survey in one of its yards. While doing so he walked on the main track between the rails where he had seen others walk. As he stepped upon a cross-tie, a small V-shaped piece of it one and a half inches by six, being rotten, slivered off under his weight. His foot slipped down between the ties where the ballast was five or six inches below the top of the tie; and stumbling, he fell and dislocated his knee. The defect in the tie could have been discovered by sounding with an iron rod and the standard of maintenance of roadbed prescribed by the Railway was to ballast to the top of the ties. But neither the condition of the tie, nor the failure to ballast to the top of the tie, was a defect of a character to impair safety in operation. Plaintiff knew that there were always some ties on the line which were partly decayed, and also that the ballast was occasionally below the top of the ties.

Upon these facts Nelson sought in a state court of North Carolina to recover damages from the Railway

under the Federal Employers' Liability Act. The trial court refused defendant's motion for a non-suit; and the jury rendered a verdict for plaintiff. Judgment thereon was reversed by the Supreme Court of the State (170 N. Car. 170) on the ground that there was no evidence of negligence; and the case came here on writ of error.

It is clear that the defendant did not fail in any duty which it owed to the plaintiff.

*Judgment affirmed.*