**FLEMING et al. v. HUSTED.**
No. 13562.

Circuit Court of Appeals, Eighth Circuit.
Oct. 27, 1947.

Alden B. Howland, of Des Moines, Iowa (Ralph L. Read, of Des Moines, Iowa, on the brief), for appellants.

Walter F. Maley, of Des Moines, Iowa (Davis, Michel, Yaeger & McGinley, of Minneapolis, Minn., on the brief), for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The action is one under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for negligence in the maintenance of a depot platform. A brakeman sued the trustees in reorganization of the Chicago, Rock Island and Pacific Railway Company for injuries received as he was undertaking to alight from a moving freight train onto the depot platform at Van Meter, Iowa, in order to get the "switch list". He claimed to have caught his foot in a 1½ or 2 inch break in the concrete curb, where it had pushed out some inches from the rest of the platform, and to have been thrown down on the brick surface of the platform, with resulting injuries to his spine and back. The train was preparing to stop at the water tank just beyond the depot and according to the evidence of both parties was not going over 5 miles per hour at the time. There were a verdict and judgment for the brakeman, and the trustees have appealed.

The first contention of the trustees is that the court erred in denying their motion for a directed verdict. The case was submitted to the jury on plaintiff's charge of negligence that the trustees had failed to exercise due care to maintain a reasonably safe place for him to work in the incident of alighting, while performing his duties, from a moving car onto the station platform, in that they had permitted the platform to be in "a defective, dangerous and uneven condition and allowed depressions to remain therein." The question also was submitted, of course, whether such negligence, if it was found to exist, was a proximate factor in causing the accident.

The trustees argue that the fact that the curb of the platform was broken and displaced as plaintiff claimed would not be sufficient to constitute actionable negligence. But even if it could be declared that the platform was reasonably safe for such ordinary uses as walking, trucking and other

general depot purposes (which we need not determine), it would not therefore follow that it also was reasonably safe for the more hazardous use as a facility in allowing trainmen to alight from moving cars. And the trustees' duty under the Federal Employers' Liability Act was to exercise reasonable care to try to make the platform generally safe for all the uses for which it was intended or permitted to be a facility in the course and scope of its employees' duties.

■ Whether the defect in the curb (which had existed for several years) was such as was reasonably likely to become a factor in causing an injury to an alighting trainman and so should have been corrected was a question that was within the province and competence of the jury to decide. Under the expressions and indications in the recent decisions of the Supreme Court, there is no right on the evidence to regard it as an absolute, which was entitled to be disposed of as a matter of law. See e. g. Bailey v. Central Vermont Ry., 319 U.S. 350, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444; Tennant v. Peoria & P. U. Ry. Co., 321 U. S. 29, 33, 64 S.Ct. 409, 411, 88 L.Ed. 520; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916. Cf. also Chicago & N. W. R. Co. v. Grauel, 8 Cir., 160 F.2d 820. The earlier cases, such as Delaware, L. & W. R. Co. v. Koske, 279 U. S. 7, 49 S.Ct. 202, 73 L.Ed. 578; Missouri Pac. R. Co. v. Aeby, 275 U.S. 426, 48 S.Ct. 177, 72 L.Ed. 351, and Nelson v. Southern Ry. Co., 246 U.S. 253, 38 S.Ct. 233, 62 L.Ed. 699, upon which the trustees rely, may not be read apart from these later decisions. Perhaps, also, the concept of negligence in the earlier cases and the court's admeasurement of the duty owed therein can be said to have contained some unconscious or other subtractings, from the interplay of the then-existing doctrine of assumption of risk.[1]

What we have said as to the sufficiency of the evidence to constitute a jury question on negligence is controlling also of the trustees' argument that there was no basis for allowing the jury to decide whether the defect in the curb was the cause of plaintiff's fall and injury. Plaintiff's testimony was that he was sitting in the doorway of the front box car of the train, with his feet hanging out, holding the weight of his body on his hands, preparatory to jumping onto the station platform, when a jerk of the train caused him to be pulled forward out of the car. He did not undertake to claim on the evidence that the jerk was of a character that entitled him to rely on it as negligence, and it therefore was permitted to be treated as being only such a jerk as ordinarily would occur in the slowing down and stopping of any freight train.

■ The trustees say, however, that on this testimony it would have to be held that the non-negligent jerk of the train was the proximate cause of the accident. But this fails to take into account plaintiff's further testimony, to the effect that as he came in contact with the platform he caught his foot in the break in the curb and was thrown down onto the brick surface. On this testimony, it clearly was for the jury to determine whether the break in the curb had caused or contributed to plaintiff's fall. Cf. Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 578, 579, 65 S.Ct. 421, 423, 89 L. Ed. 465; Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 33, 34, 64 S.Ct. 409, 412, 88 L.Ed. 520. If the jury found that it had, then legally it was a proximate factor in the accident. The Federal Employers' Liability Act gives a right of recovery whether the

---

[1] Thus, in Missouri Pac. R. Co. v. Aeby, supra, 275 U.S. at pages 430 and 431, 48 S.Ct. at page 179, 72 L.Ed. 351, it was said: "The obligation in respect of station platforms and the like owed by carriers to their passengers or to others coming upon their premises for the transaction of business is greater than that due their employees accustomed to work thereon. *The reason is that the latter, familiar with the situation, are deemed voluntarily to take the risk of known conditions and dangers.* * * * The facts of this case, when taken most favorably to the respondent, are not sufficient to sustain a finding that petitioner failed in any duty owed to her. * * * As negligence on the part of the petitioner is essential, *we need not consider its contentions in respect of assumption of risk* and negligence on the part of respondent." (Emphasis supplied.)

negligence of the employer is in whole or only in part the cause of an employee's injury. 45 U.S.C.A. § 54.

■■ The next contention of the trustees is that the judgment should be reversed for the following argument made to the jury by one of plaintiff's attorneys: "This case is a perfect illustration in my opinion of what we know from every day life—that there are casualties in war and there are casualties in industry. The casualties in war are provided for by a grateful government. I leave it to you to say as an illustration of industry and its gratitude for one whose duty—". Objection was made at this point that the argument was improper. The court merely said: "Your exception will be noted. Continue."

The argument was an improper appeal and the court should have sustained the objection to it. The Federal Employers' Liability Act is plainly not a workmen's compensation statute but negligence or the violation of some auxiliary safety statute must exist as a basis for recovery under it. The remark of counsel, in the setting of the trial and as a starting of the jury arguments, may not have impressed with the significance which it does in cold print, or the court may possibly have felt that the interrupted statement had not yet reached the point where there was a duty to take action in the matter, as the direction to counsel to continue could imply. However that may be, counsel after the objection did not undertake to return to the argument, and nothing else that was said to the jury is complained of as improper. Nor does the record show any attempt at any other point in the trial proceedings to drag the jury into the weeds. And the court's instructions sufficiently made it clear that the railroad was not an insurer of plaintiff's safety but could be held liable only for negligence.

In this situation we do not believe that the single, uncompleted statement complained of could have fouled the proceedings of the three-day trial and prejudiced the trustees. That we think may also fairly be regarded as the trustees' evaluation of it, on counsel's prompt abandonment of the improper field, for they did not at the close of the argument see fit to request any cautionary instruction on the matter. It may be added that, even if the situation had been one of probable prejudice, the trustees would not have been entitled to seek a reversal as a matter of right, but only as a matter of grace, because they have not set out in the printed record all the arguments in full. See London Guarantee & Accident Co. v. Woelfle, 8 Cir., 83 F.2d 325, 344. Only the remark objected to has been included. And though we had thought the remark of counsel probably prejudicial, the situation is not one which would have prompted us on its circumstances to use our discretion to set aside the judgment in the public interest as a necessary protection to judicial administration. Cf. Chicago & N. W. R. Co. v. Green, 8 Cir., 164 F.2d 55.

■ The contention is made that the court's instructions submitting the issue of negligence were too broad and "permitted a finding by the jury that the platform was defective in some manner other than with respect to the broken curb". As has been indicated, the case was submitted to the jury on the charge of negligence made in the complaint and in its language, that the trustees had permitted the platform to be in "a defective, dangerous and uneven condition and allowed depressions to remain therein". The trustees tendered an instruction making the issue of negligence and proximate cause referable in express terms to "the broken condition of the curb along the Van Meter station platform". They also specifically excepted to the court's statement of the issue of negligence as being too broad for the reason set out above.

Under the evidence, the defect in the curb was the only basis on which the jury was entitled to find negligence in the maintenance of the platform. But it should be noted that there had been no claim or any suggestion whatsoever in the trial proceedings of any other defect in the platform. Plaintiff's attack and testimony were directed solely against the condition of the curb. It was the break in the curb, he said and repeated, that caught his foot and caused him to be thrown down on the platform. There was no dispute as to the curb constituting part of the station platform. On the basis

of the trial proceedings and the record, we can see no room to doubt that the jury understood that, in adopting the expressions from the complaint, "platform", "uneven condition" and "depressions", in the instructions, the court meant and was referring only to the condition of the curb.

More apt and narrower terms could have been used, but it is not uncommon practice for instructions to state the issues of a case in the language of the pleadings unless some reason exists for not so doing. Of course, instructions may not in their language leave the way open to a jury to consider some question urged, suggested or mentioned on the trial, which is not an issue or is not supported by the evidence. Cf. Citizens' Gas & Electric Co. v. Nicholson, 8 Cir., 152 F. 389, 392, 393. But that is not the situation here. No suggestion was made anywhere in the trial that any part of the platform was defective except the curb, and no other part except the curb was claimed to have had anything to do with the accident. To say then that under the court's instruction the jury might by implication take one of the photographic exhibits of the platform, might pick out some uneven or depressed brick or bricks somewhere in it, and might return a verdict against the trustees on the basis thereof is, we think, a bit tenuous and unrealistic as a consideration for reversal.

█ It is further contended that the court's instruction on contributory negligence gave an erroneous definition of such negligence. The definition was that "Contributory negligence is a negligent act or failure to act on the part of the plaintiff which concurs and cooperates with the negligent act of the defendant and becomes a proximate cause of the injuries under the rules relative to proximate cause given you in these instructions." The trustees excepted to "the language in which the jury are told that contributory negligence must be a proximate cause, in substance, in order to be considered upon the subject of recovery". In their brief they say that "it has long been the rule of the Federal Courts that contributory negligence need not be 'a proximate cause' of the injury and damage." We believe counsel are confusing the technicality of the expression "the proximate cause" with that of "a proximate cause", and this impression would seem to be confirmed by their reliance upon Towberman v. Des Moines City Ry. Co., 202 Iowa 1299, 211 N.W. 854.

In the Towberman case it was held error to instruct that contributory negligence to bar a recovery under Iowa law must be "the proximate cause" of the injury, because, as the court said, "If the injured party contributed in any way, or in any degree directly to the injury, there can be no recovery." But we can see no error in technical standard in the court's definition here that contributory negligence is a negligent act or failure to act on the part of the plaintiff which concurs with the negligent act of the defendant and becomes a proximate cause of the injury, and that a proximate cause is a moving or producing cause in the absence of which the injury involved would not have occurred.

█ Again, it is contended that it was error to deny the following requested instruction: "An experienced railroad employee assumes the risk of personal injury from the normal, ordinary and usual hazards of the business in which he is engaged unless it is affirmatively established that the employer, his agents, servants or employees were guilty of negligence, as defined in these instructions, and as specifically submitted to you herein." The court did not err in denying the instruction. There was no right to have the situation translated in any way into terms of assumption of risk, which the Act has expressly abolished. 45 U.S.C.A. § 54. The issue involved was one of negligence, and it was proper to focus the situation in terms and incidents of that question. Those incidents the court sufficiently covered when, in addition to its instructions on the direct question, it told the jury collaterally that the trustees were not liable merely because an accident had occurred; that they were not insurers of the safety of plaintiff and did not guarantee that the places where their employees worked in carrying out their duties would be safe; that the law did not require them to provide the best means, implements or works which could be secured; and that the measure of their duty in such cases was simply to exercise reasonable and ordinary

care to maintain a reasonably safe place for employees to work, having regard to the nature of the work required to be done by them in the exercise of their duties. The trustees could not fairly ask for more.

■ It is contended that the court improperly restricted the trustees' cross-examination of one of plaintiff's medical witnesses. The witness had testified on direct examination that plaintiff had some arthritic deposits in his cervical vertebrae and in his lumbar region, where, following the accident, two bone grafts had been made from his third lumbar vertebra to his sacrum. Counsel for the trustees attempted to ask the witness on cross-examination whether an x-ray film, taken by the railroad company's doctor, of plaintiff's left arm on the day following the accident, which they exhibited to him, did not show "some evidence of arthritic deposits". The court sustained an objection to the question, apparently on the ground that the subject of plaintiff's arm had not been gone into on direct examination.

The witness' testimony as to the existence at the time of trial of arthritic deposits in plaintiff's back and spine ordinarily might make it proper for the trustees to attempt to bring out on cross-examination, if they were able, that plaintiff had an arthritic condition of his body prior to the accident. But that fact they had already been permitted to bring out on the cross-examination of plaintiff's other medical witness, who frankly admitted that the x-ray film on which counsel relied showed "a substantial amount of hypertrophic arthritis in the area of the elbow", and plaintiff did not dispute that the x-ray film so showed.

In this situation there could hardly be any prejudice to the trustees in not being permitted to have the fact repeated on the cross-examination of another witness. Nor could there be said to have been any denial of the fundamental right of cross-examination, within the rule of Heard v. United States, 8 Cir., 255 F. 829, and Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, upon which the trustees rely, for the failure to allow a party to bring out a fact on cross-examination, merely for the sake of establishing or emphasizing its existence, where it has already been shown and its existence is not disputed, clearly is not a denial of the fundamental right of cross-examination.

■ The final contention of the trustees is that the court erred in refusing to give the following requested instruction in full: "Evidence has been received and is before you for your consideration concerning statements in writing made by plaintiff which are claimed to be inconsistent with his testimony in open court. These statements may be considered by you, both as evidence of what the true facts as to the plaintiff's fall may have been, and also as impeaching the weight and credit to be given to the testimony of the plaintiff in open court. You should carefully consider the evidence concerning such statements and take into consideration the circumstances under which such statements were made or given, the number of such statements, whether voluntarily made with full knowledge of the circumstances, whether the facts therein stated are corroborated by the testimony of other creditable witnesses, and all other matters bearing upon the weight and credit to be given to such evidence." The court gave the first two sentences of the requested instruction but denied the rest.

The portion which the court refused to give was an attempt to single out and place emphasis in the jury's mind upon plaintiff's previous statements and the circumstances and testimony corroborative of them, with an implied minimizing of the consideration to which his conflicting testimony on the trial was entitled. It is not error to refuse to give a requested instruction which singles out for special emphasis part of the evidence upon a question that the jury is to decide. Rio Grande Western R. Co. v. Leak, 163 U.S. 280, 288, 16 S.Ct. 1020, 41 L. Ed. 160. Situations may exist where it is permissible for the court to give such an instruction, but even then the matter is entirely one for the trial court's discretion. The court's instructions here properly made general reference to plaintiff's previous statements and correctly advised the jury that "You should carefully consider and weigh all the evidence in the case, and return such a verdict as your consciences will approve, based alone on the evidence and

these instructions, and free from influence, bias, prejudice or sympathy."

There is no error in the record which entitles us to reverse, and the judgment is therefore affirmed.