**FLEMING et al. v. KELLETT.**

No. 3544.

Circuit Court of Appeals, Tenth Circuit.

March 22, 1948.

Rehearing Denied May 10, 1948.

James E. Grigsby, of Oklahoma City, Okl. (Robert E. Lee, of Oklahoma City, Okl., on the brief), for appellant.

W. F. Smith, of Oklahoma City, Okl. (E. B. Glasgow, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS and MURRAH, Circuit Judges, and VAUGHT, District Judge.

MURRAH, Circuit Judge.

The appellee, a brakeman in the employ of the appellant Railroad Company, brought this suit under the Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries sustained in the course of his employment. The Railroad Company appeals from a judgment for the employee, contending that there is no evidence of negligence proximately causing the injuries.

The appellee alleged that on August 1, 1946, he was employed by the appellant as a brakeman on a freight train; that as the train approached Selden, Kansas, traveling in a southerly direction, he started to descend the ladder on the left side of the engine, preparatory to alighting, in order to inspect the cars of the train as they passed; that when he reached the bottom rung or stirrup of the ladder and started to step off with his left foot, his right foot slipped from the step, leaving him hanging to the side of the engine holding on the grabirons; that he ran alongside the engine for a few steps when some wire, debris or other foreign substance caught his left foot, jerking him loose from his hold on the grabirons with his left hand; that he was dragged alongside the engine, holding with his right hand for some distance, until he was

dragged into the north rail of an angling switch track; that as a result, he sustained serious personal injuries, which he described in detail. He alleged that the Railroad Company was negligent in the following particulars: (1) the engineer so roughly handled the train that it jerked and bucked in such a violent manner as to jerk him loose from his foothold on the ladder of the train; (2) by allowing trash, debris and other foreign substance to collect alongside the right of way inside the yards, the Railroad Company failed to provide him with a reasonably safe place to perform his work; and (3) that the Railroad permitted the track and roadbed to be in an "unsafe, narrow, sloping, uneven, loose, insecure and dangerous condition" where the appellee was required to perform his duties as a brakeman; in particular that the ties in this vicinity were old, worn, split and defective, parts of which protruded up and above the surface of the ground.

The answer admitted the appellee's employment as a brakeman in interstate commerce on the date in question, and that he sustained personal injuries in the railroad yard limits of Selden, Kansas, but specifically denied that the injuries were caused by any negligence of the Railroad Company.

At the conclusion of all the evidence, the Railroad Company's motion for a directed verdict was overruled, and the issues of negligence were submitted to the jury on interrogatories, in answer to which the jury found that the locomotive did not give a sudden jerk at the time appellee slipped as alleged; that the roadbed where appellee alighted contained no debris of any sort; and that the ties at the place of the accident were not old and did not protrude unevenly from the roadbed. It did find, however, that the roadbed at the place where the appellee attempted to alight was negligently uneven and insecure, and that such negligence proximately caused appellee's injuries. A verdict for $3,000 was returned, and judgment was entered accordingly. The Railroad's motion to set aside the verdict and for a judgment was overruled, and the clear issue presented by this appeal is, first, whether there was any evidence to support the finding that the roadbed was "uneven and insecure" at the point of the accident, and if so, whether such condition was the legal cause of the accident and resulting injuries.

While conceding its duty to furnish the appellee a reasonably safe place to work—in this case to alight from a moving train—the Railroad Company earnestly contends that there is no evidence of unevenness or insecurity of the roadbed at the point of the accident.

The Federal Employers' Liability Act does not "make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur * * *." Ellis v. Union Pacific Ry. Co., 329 U.S. 649, 653, 67 S.Ct. 598, 600; see also Brady v. Southern Ry., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Tiller v. Atlantic Coast Line Ry., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967; Tennant v. Peoria & Pekin Union Ry., 321 U. S. 29, 64 S.Ct. 409, 88 L.Ed. 520. But it is only when there is a complete absence of probative facts to support the conclusions of a jury that we are warranted in overturning its verdict. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Tennant v. Peoria & Pekin Union Ry., supra; Johnson v. United States, 68 S.Ct. 391; Griswold v. Gardner, 7 Cir., 155 F.2d 333, and cases cited and treated there; Fitzgerald v. Pennsylvania Ry. Co., 2 Cir., 164 F.2d 323.

The appellee testified that the roadbed was rough at the point of the accident, and introduced photographs to prove it. After hearing the testimony and seeing the exhibits, the jury concluded that the roadbed was negligently uneven and insecure. When measured by the standards of care imposed upon the Railroad to furnish the appellee a reasonably safe place on which to alight from a moving train, we cannot say that the jury's conclusions are wholly unwarranted in fact.

The question remains whether the negligence was "in whole or in part" the cause of the injury. Brady v. Southern Ry., supra; Ellis v. Union Pacific Ry. Co., supra; Atchison, T. & S. F. Ry. Co. v.

Toops, 281 U.S. 351, 50 S.Ct. 281, 74 L.Ed. 896. Otherwise stated, the negligent conduct of the Railroad must be a "substantial factor in bringing about the harm". Restatement of Torts, Sec. 431.

The appellee testified that on the date in question, as the train approached Selden, Kansas in a southerly direction, he started to descend the ladder on the left side of the engine, preparatory to alighting, in order to inspect the cars of the train as they passed; that when he reached the bottom rung or stirrup of the ladder and started to step off with his left foot, the engine lurched and his right foot slipped off the stirrup; that he hit the ground before he was prepared to alight, but was still holding on to both grabirons, and "ran two or three steps to regain my balance, and just as I appeared to have my balance regained, something caught my left foot and both feet were jerked from under me and I still held on to the engine because I was falling and scared * * *."

The Railroad points out that according to the findings of the jury, it is not responsible for its employee's slipping from the step of the ladder, and since the employee accidentally slipped, it was under no duty to furnish him "a smooth place on which he might accidentally fall". This reasoning would be sound if we accept as a conclusive fact that the slipping from the step of the ladder was the sole cause of the fall which resulted in the injuries. But the fallacy of this argument is that it assumes too much. Even though appellee accidentally slipped from the step through no fault of the Railroad, he was nevertheless entitled to a reasonably safe place on which to attempt to regain his footing, and if he failed to regain his footing and his fall was precipitated by the uneven and insecure condition of the roadbed where he was required to alight, we cannot say that such condition was not a substantial factor in bringing about the harm.

If the injury was caused by either the act of slipping from the step, for which the Railroad was not responsible, or alighting upon an uneven and insecure roadbed, for which it was responsible, either one of which was sufficient to bring about the injuries, it was for the jury to determine which of the two was the substantial factor and legal cause. See Restatement of Torts, Sec. 432(2) and 434.

 Appellee, testified, and it is uncontradicted, that after slipping from the step, and just as he was about to regain his balance, something caught his left foot and both feet were jerked from under him. From these facts, the jury could have found that the appellee, having accidentally slipped from the step, would have fallen to the ground, regardless of the condition of the roadbed. We think that it could have also found, as it did, that the uneven and insecure condition of the roadbed prevented him from regaining his balance, and was thus the cause of the fall and resulting injuries. The jury having made its choice of permissible inferences, it is binding here. See Ellis v. Union Pacific Ry. Co., supra. The judgment is affirmed.

PHILLIPS, Circuit Judge (concurring).

If I felt free to exercise my independent judgment in this case, I would hold the finding that the condition of the track was the proximate cause of the fall was not supported by substantial evidence. However, in view of the recent decisions by the Supreme Court cited in the opinion, I feel we are impelled to hold that the jury might infer that the condition of the track was the proximate cause of the fall.

VAUGHT, District Judge, concurs with PHILLIPS, Circuit Judge.