**Albert H. GAREY, Appellant,**

v.

**ANCO MANUFACTURING & SUPPLY COMPANY and Gene Franklin Paddock, Appellees.**

No. 15191.

United States Court of Appeals
Eighth Circuit.

April 28, 1955.

Karl Blanchard and Cowgill Blair, Jr., Joplin, Mo. (Seiler, Blanchard & Van Fleet, Joplin, Mo., on the brief), for appellant.

George M. Flanigan, Springfield, Mo. (John H. Flanigan and McReynolds, Flanigan & Flanigan, Carthage, Mo., on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant as plaintiff to recover damages for personal injuries suffered by him as the result of a collision between a motor vehicle driven by him and a tractor-trailer owned by appellee Anco Manufacturing & Supply Company and driven by appellee Gene Franklin Paddock. The collision occurred about 1:00 o'clock A.M., March 12, 1952 on U. S. Highway 71 in Barton County, Missouri, while appellant was enroute from Nevada, Missouri, to Joplin, Missouri. For convenience the parties will be referred to as they were designated in the trial court.

In his complaint plaintiff alleged that the defendant Gene Franklin Paddock while in the employ of defendant Anco Manufacturing & Supply Company as the driver of a tractor-trailer owned by the company, was guilty of negligence in that he failed to drive and operate his tractor-trailer as close to the right-hand side of the highway as practicable and drove on the left-hand side and to the left of the center line of the highway; that he failed to exercise the highest degree of care in meeting plaintiff's vehicle approaching from the opposite direction in that he failed and omitted to turn the tractor-trailer to the right of the center of the highway so as to pass without interference; that he failed to give any signal or warning to plaintiff of his intention to drive or turn onto the left-hand side of the highway; that he failed to use a distribution of light or composite beam when he approached the vehicle driven by plaintiff within a distance of five hundred feet so aimed that the glaring rays thereof did not project into the eyes of plaintiff, in violation of Section 304.370, Vernon's Annotated Missouri Statutes, and thereby temporarily blinded plaintiff, and that he failed to reduce the speed of the tractor-trailer while meeting plaintiff's vehicle and in rounding a curve, and failed to keep the tractor-trailer as far to the right of the center line of the highway as reasonably possible.

The separate answers of the defendants put in issue all the allegations of negligence and affirmatively alleged contributory negligence on behalf of the plaintiff. The action was tried to the court and a jury and resulted in a verdict for the defendants on all the issues.

Plaintiff, a traveling salesman, at the time of the accident resulting in his injuries was driving by night from Nevada, Missouri, intending to pass through Carthage, Missouri, to his home in Joplin, Missouri. As he entered the northerly end of a curve which turned toward his right, defendant's tractor-trailer driven by defendant Paddock entered the southerly end of this highway curve. The plaintiff, going at a speed estimated by him at from fifty-five to sixty-five miles per hour, collided with the tractor-trailer of the defendant's at about the middle of the curved portion of the highway while the tractor-trailer was travel-

ing at a speed of from twenty-five to forty-five miles per hour. It was the contention of the plaintiff that the tractor-trailer protruded across the center line of the highway into the southbound lane. It was also contended that he had been blinded by the improper flicking of defendant's lights to high beam. The defendants denied that the tractor-trailer protruded into the southbound lane and denied that any manipulation of the lights on the tractor-trailer caused or contributed to the accident. The case was submitted to the jury on instructions to which no objections nor exceptions were saved, but plaintiff excepted to the refusal of the court to give an instruction proposed by him. The jury returned a verdict in favor of defendants on all the issues pursuant to which the court entered judgment dismissing the action on its merits. From the judgment so entered plaintiff has appealed and seeks reversal on the sole ground that the court committed prejudicial error in refusing to give the instruction requested by him. This proposed instruction reads as follows:

"The court instructs the jury under the law of the State of Missouri every person driving a motor vehicle equipped with multiple beam headlights during the time when lighted lamps are necessary, shall use a distribution of light directed high enough so as to reveal persons and vehicles at a safe distance ahead, provided whenever the driver of a vehicle approaches an oncoming vehicle within five hundred feet such driver shall use a distribution of light so aimed that the glaring rays are not projected into the eyes of the oncoming driver.

"You are accordingly instructed if you find and believe from the evidence plaintiff's automobile and the tractor-trailer unit driven by defendant Paddock were approaching each other at night at the time and place mentioned in evidence and that the tractor-trailer unit was equipped with multiple beam headlights, if you so find, and if you further find when said vehicles were five hundred feet apart the tractor headlights were deflected downward and that as the vehicles continued their approach and were in close proximity to each other and meeting each other on the curve mentioned in evidence the said defendant Paddock turned the headlights of said tractor on the high intensity beam and the glaring rays were thereupon projected into the eyes of plaintiff Albert Garey and momentarily blinded him, if you so find, and if you further find by so doing defendant Paddock was guilty of negligence, and by reason of said negligence, if so, plaintiff Albert Garey could not see the roadway ahead of him and the position of defendant's tractor-trailer unit on said highway and curve in time for the said Garey to steer his automobile so as to pass safely defendant's tractor-trailer at the time and place mentioned in evidence, if you so find, and if you further find that as a direct and proximate result of said defendant Paddock's negligence, if you find he was negligent, the vehicles collided and plaintiff was injured and damaged, if so, and if you further find that plaintiff Albert Garey was at all times exercising the highest degree of care in the operation of his automobile, then you are instructed your verdict should be in favor of plaintiff and against defendant."

As grounds for his exception to the ruling of the court plaintiff in substance contends:

(1) That it was an issue under the pleadings and represented plaintiff's trial theory.

(2) That it constituted an independent theory of negligence.

(3) That plaintiff was entitled to the benefit of all the evidence so long as it related to an issue raised by the pleadings and was not contrary to plaintiff's general trial theory.

(4) That plaintiff's testimony concerning his position on the roadway, under the circumstances shown in evidence, did not constitute a judicial admission and bind plaintiff to a submission of the case on the sole issue of whether one or the other of the vehicles crossed the center of the highway.

In order properly to consider these contentions it is necessary to give consideration to the instructions as a whole as given by the court. This is particularly true because the plaintiff interposed no objections and took no exceptions to the instructions actually given. The court in presenting the issues to be determined by the jury instructed among other things as follows:

"Now, the theory of the plaintiff's case here is, briefly stated, that as he was driving his automobile south on the highway in question approaching this curve, the defendant's motor vehicle was approaching from the south, and that the plaintiff was on the right-hand side of the highway, that the defendant's vehicle suddenly flashed on the bright glare of its headlights so as to blind him, and that as he got up to the tractor of the tractor-trailer unit operated by the defendant Paddock and got, as I recall his testimony, on the side of the tractor, he suddenly saw before him the left rear of the tractor-trailer driven by Mr. Paddock over on his side of the highway, and that he could not thereafter do anything to avoid colliding therewith. That is his theory, and the plaintiff is bound by that theory of this case.

·  *  *  ·*,  ·*  ··*  ·*·

"So the facts are these, that if you should find and believe from the evidence that the collision in question occurred by reason of the fact that any portion of the tractor or trailer driven by Mr. Paddock was on the west or the left-hand side of this highway or the side of the highway upon which Mr. Garey was operating his vehicle, if you find those to be the facts, then the plaintiff is entitled to recover in this case."

No exception was taken to this instruction. In this connection it is to be observed that the plaintiff's testimony was to the effect that he was at all times in his own lane and hence he could not have collided with the defendant's tractor-trailer unless the latter had protruded into plaintiff's lane. The matter is succinctly covered in a memorandum of the court in denying plaintiff's motion for a new trial as follows:

"Plaintiff, Garey, testified that as he approached the curve in question he reduced his speed and stayed on the west side of the highway at all times; that his automobile was not over the center line at any time before the collision. Plaintiff's requested instruction No. 2 would have permitted a recovery by Garey 'regardless of where on the highway the casualty occurred.' Such theory of recovery was not supported by any evidence adduced by plaintiff, but was directly in conflict therewith. A party is entitled to a specific instruction on his theory of the case, only if there is evidence to support it. Cf. 53 Am.Jur., 'Trial', Sections 574, 579, and cases there cited.

"Plaintiff gave no testimony to the effect that being blinded by the defendants' light he was caused to go over the center line. His testimony was that when he recovered normal sight, after being blinded by the defendants' headlights, he saw defendants' trailer on his side of the road, and the time that elapsed thereafter was so short that he had no time to do anything. That would tend to relieve him from contributory negligence. The proximate cause of his injury was the defendants' trailer on his side of the road, according to this theory and evidence, which was the issue submitted to the Jury."

The court in fact instructed the jury with reference to the Missouri statute requiring the driver of a vehicle approaching an oncoming vehicle within five hundred feet to use a distribution of light or composite beam of his headlights so as to aim the same so that the glaring rays thereof are not projected into the eyes of the oncoming driver. This was proper as it had a bearing on the defense that the plaintiff was guilty of contributory negligence but it was not the basis of plaintiff's cause of action. A careful consideration of the whole record convinces that there is no testimony tending to prove that the blinding of the plaintiff by the alleged improper manipulation of defendant's headlights was the proximate cause of the accident and there being no evidence warranting the instruction as requested it was properly denied. Brock v. Robinson, 97 N.H. 334, 88 A.2d 306.

The judgment appealed from is affirmed.