ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,

v.

Glen GUNTER, Appellee.

No. 15599.

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1956.

Ralph C. Dell and LeRoy Allen, Tampa, Fla., Norman C. Shepard, Wilmington, N. C., Frank G. Kurka, Wilmington, D. C., of counsel, for appellant.

Neil C. McMullen, Tampa, Fla., Lewis & Lewis, and Thomas Lewis, Jr., Atlanta, Ga., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51, the suit was for damages sustained by plaintiff, in the course of his employment as a railroad switchman, in alighting from a moving freight car in order to throw a switch.

The claim was: that the defendant had negligently failed to furnish him a safe place to perform his work as a switchman, in that at the point where he was performing his duties for defendant the road bed was rough, defendant having placed over all the road bed and occasionally on the cross ties, where they had been permitted to remain, chunks of rock which, because they were uneven, insecure, and loose, would shift and roll under the feet of the switchmen while boarding and alighting from the moving freight cars in the usual and necessary way required for the performance of their duties; and that the defendant had negligently failed to inspect the road bed and keep it reasonably safe.

The defense was a general denial and that the negligence of the plaintiff in jumping from the car and landing as he did was the sole proximate cause of the accident.

At the conclusion of plaintiff's evidence [1] and again at the conclusion of its own case, the defendant moved for an instructed verdict on the ground that there had been no showing of any actionable negligence on the part of the railroad proximately causing the injury complained of.

---

1. This, taken most favorably for the plaintiff, showed: that plaintiff's employment in the Lakeland Yards had been on a good switching bed; that prior to the accident tracks 9 and 10 were reconstructed for main line tracks carrying through freight; that defendant brought in chunks of rocks for ballast and dumped them between the ties not tamped or unleveled; that it wasn't even, and at places cross ties were exposed and at others practically covered with rock; that at the time of the accident plaintiff was performing usual switching duties on these tracks; that this condition had been called to defendant's attention several times; that one would stumble, slip and fall every time he got on the rocks; that the accident occurred about 5 A.M.; that it was dark, foggy, and a light drizzling rain was falling; that plaintiff's Exhibit No. 1 shows the condition of the rocks when seen by defendant's inspecting agent and when plaintiff fell, showing large chunks of rock on top of the cross ties; that plaintiff's right foot struck a rock lying on the cross tie and his feet went almost straight up out from under him, landing him on the end of his spine.

This motion overruled, there was a verdict and judgment for plaintiff, and defendant, here with four specifications of error, puts forward three grounds for reversal. The first is the claimed error in denying appellant's motion for directed verdict. The second is that it was error to receive in evidence testimony of plaintiff as to other accidents near the locale involved. The third is that the court erred in its general charges to the jury relative to a safe place to work.

In support of its first proposition, appellant, citing and mainly relying on Seaboard Air Line R. Co. v. Gentry, Fla., 46 So.2d 485, urges upon us that what the plaintiff sought to do and the district judge permitted to be done was to penalize the defendant for providing a sound and safe road bed, built in accordance with good engineering practices, merely because of the fact that the ballast or road bed was coarse and loose and did not afford plaintiff a secure footing for alighting.

We think this contention misapprehends both the law and the facts of the case. It is true enough that the evidence establishes that there was nothing wrong in ballasting the road bed for use as main line tracks with the hauling of phosphate in mind, but it is also true that this portion of the track was still being used as a part of the yard, and switching operations were going on over it, operations which required the switchmen to alight from moving trains and obligating the company to use reasonable care to furnish a reasonably safe footing for such alighting.

■ Under the clear and simple facts in this case, including the facts that large pieces of rock were likely to, and did, come to rest and remain on the rail-road ties, and that there was no sufficient showing that the road bed was inspected to see that such rocks were kept off of, or removed from, the ties, we think it clear that the finding that there was negligence is fully supported in fact and in law.[2]

■ Appellant's second point, for which it cites Kaminski v. Chicago River & Indiana R. Co., 7 Cir., 200 F.2d 1, on the admission of evidence as to other accidents near the locale involved, is no better taken. One of appellant's grounds for claiming that no negligence was shown is, that it was not sufficient for plaintiff to show that there was a condition which needed remedying, he must also show that defendant had actual knowledge of the condition or, in the exercise of ordinary care, should have known of its existence.

The evidence complained of as well as the testimony of plaintiff, which came in without objection, that the condition of the track as he had described it was called to the company's attention with respect to its effect on switching prior to the time of his accident, was properly received in evidence upon the general question of whether the railroad was or was not guilty of negligence in respect of the condition and situation complained of. Certainly there was no reversible error in admitting it.[3]

■ Appellant's final point, its complaint of the general charge relative to the duty of the defendant to furnish plaintiff a safe place to work, is without merit for three reasons. The first is that it was too general and indefinite and did not sufficiently identify the portion of the charge complained of. The second is that even if we could consider the objection as aimed at the portion of the charge set out in appellant's brief, it

---

2. Fleming v. Husted, 8 Cir., 164 F.2d 65; Fleming v. Kellett, 10 Cir., 167 F.2d 265; Chicago Great Western Ry. Co. v. Peeler, 8 Cir., 140 F.2d 865; Brown v. Western Ry. of Alabama, 338 U.S. 294, 70 S. Ct. 105, 94 L.Ed. 100. Cf. Bailey v. Central Vermont Ry., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Ellis v. Union Pacific R. Co., 329 U. S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497.

3. Henwood v. Chaney, 8 Cir., 156 F.2d 392. Cf. Atlantic Coast Line R. Co. v. Hadlock, 5 Cir., 180 F.2d 105.

would still be insufficient because it failed completely to meet the plain demand of the rule in respect to stating distinctly the grounds of objection.[4]  The third is that, if we could and did consider the error, we would be bound to hold that there was no merit in it.

No prejudicial error appearing, the judgment is affirmed.

4.  Solorio v. A., T. & S. F. Ry. Co., 10 Cir., 224 F.2d 544.