The STATE OF ARKANSAS on the Relation of G. A. LA GASSE for his own use, and G. A. LaGasse, Appellants,

v.

Ralph GODBEHERE, Sheriff, and Trinity Universal Insurance Company, Appellees.

No. 16066.

United States Court of Appeals
Eighth Circuit.

Dec. 23, 1958.

Richard W. Hobbs, Hot Springs, Ark. (B. W. Thomas, Hot Springs, Ark., on the brief), for appellants.

No brief was filed on behalf of appellees.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant G. A. LaGasse to recover for personal injuries allegedly inflicted upon him by appellee Ralph Godbehere while acting in his official capacity as Sheriff of Montgomery County, Arkansas. Appellee Trinity Universal Insurance Company was joined as defendant because it was surety on the bond of defendant Ralph Godbehere for the faithful performance of his duties as sheriff. Jurisdiction of the Federal Court is predicated upon the Federal Civil Rights Acts, 42 U.S.C.A. § 1983, and 28 U.S.C.A. § 1343.

So far as material to the issues sought to be presented, plaintiff in his complaint alleged that on or about the 15th day of June, 1957, at or about 11:45 p. m., plaintiff was in a cafe known as Friar's Cafe in the City of Mt. Ida, Arkansas, where the defendant, acting as sheriff of Montgomery County, arrested the plaintiff, the arrest being without warrant and

without reasonable cause; that plaintiff submitted to arrest and proceeded in custody of the sheriff toward the Montgomery County jail; that the sheriff, upon reaching a fence encircling the Montgomery County Courthouse and jail, ordered plaintiff to jump over the fence; that prior to reaching the fence the said sheriff knew that plaintiff had sustained a severe sprain to each ankle and was barely able to walk and was unable to jump any fence or any other obstruction, but nevertheless the sheriff directed plaintiff to jump the fence; that plaintiff was at no time resisting arrest and upon his refusal to jump the fence as ordered by the sheriff, the sheriff proceeded to strike plaintiff in and about the head with his gun and knocked him to his knees, rendering him unconscious, and continued to strike plaintiff in and about the head with his gun after having rendered plaintiff unconscious, and during the assault did continue to use vile, abusive and profane language toward plaintiff; that after rendering plaintiff unconscious, the sheriff dragged plaintiff through the fence into the court yard, and when plaintiff, while lying upon the ground, started to regain consciousness the sheriff again proceeded to beat plaintiff over the head with his gun while plaintiff was at all times incapable of defending himself and in a semi-conscious condition on the ground; that the sheriff dragged plaintiff to the jail and placed him therein, although plaintiff was bleeding profusely from the wounds about his head which were inflicted by defendant by the use of his gun. Plaintiff further alleged that at all times complained of he was conducting himself and acting in an orderly, lawful manner, and did not at any time attempt to resist arrest or attempt to act in a manner other than that of an orderly person. The allegations as to the extent of the injuries inflicted and the damages resulting therefrom are omitted herefrom as not material to the issues.

The defendant sheriff in his answer in effect categorically denied all acts of violence on his part, or the use of any more force than was necessary in arresting plaintiff. He admitted that he was acting in his official capacity and that he arrested plaintiff. He affirmatively alleged in effect that plaintiff resisted arrest, necessitating the use of such force as defendant employed in making the arrest, and that plaintiff had on numerous prior occasions come into the City of Mt. Ida and went about the public streets and within the businesses in a drunken condition, and that defendant had on several prior occasions taken said drunken plaintiff to his home, asking him repeatedly not to again impose upon and embarrass the sheriff by going about the City of Mt. Ida in a drunken condition; that on the last occasion preceding the 15th day of June, 1957, the sheriff had taken plaintiff to his home because of his drunken condition and advised plaintiff that he would be arrested and jailed the next time he came into and went about the City of Mt. Ida in a drunken condition. On that occasion plaintiff advised the sheriff that he would not be jailed and that the sheriff was not capable of jailing him. Subsequent to this occasion and prior to the 15th day of June 1957, plaintiff boasted to several persons that in due time he would whip the weak sheriff and that he wanted a sizable crowd to see the exhibition when he was afforded an opportunity to whip the sheriff in public; that at the time and place alleged in the complaint plaintiff went to and was in Friar's Cafe in a drunken condition and the sheriff advised him that he was under arrest and asked plaintiff to accompany him to the jail. Plaintiff reluctantly walked with the sheriff from the cafe to the street, while cursing, abusing and threatening the sheriff, and upon reaching the street plaintiff advised others upon the street, about the courthouse square, in the businesses of that area, and all within the sound of his loud voice, that they were going to be afforded an opportunity to see him whip the sheriff, cursing, abusing and threatening the sheriff all the while, and staggering about in a confused and drunken condition. When the

sheriff attempted to lead plaintiff across the street toward the courthouse yard and jail, plaintiff swung at, struck, cursed and abused the sheriff, while telling all within the sound of his voice that they were going to see the sheriff take a beating, whereupon the sheriff struck plaintiff with his gun, and upon each occasion that plaintiff swung at and fought the sheriff he was again struck with the gun. Eventually the drunken mind of plaintiff was awakened to the senses that he was not going to entertain himself and the crowd by whipping the sheriff, whereupon he submitted and was taken to the jail. Because plaintiff was cut in the encounter with the sheriff and was bleeding, the sheriff took him to a doctor's office in Mt. Ida, whereupon the doctor was eventually able to render the necessary medical attention, while the drunken plaintiff was insulting the doctor and cursing the sheriff. As a further defense it was alleged that any injuries sustained by plaintiff during his unlawful encounter with the sheriff were caused by the unlawful, wilful, wanton and malicious actions and activities of the plaintiff during his drunken condition.

The case was tried to the court and a jury and at the close of all the evidence both sides moved for a directed verdict. Both motions were denied and the case was sent to the jury on instructions to which neither side interposed any objections. Plaintiff, however, requested certain instructions which were denied. The jury returned a verdict in favor of the defendants and against the plaintiff on all the issues and on the verdict so returned the court in due course entered judgment dismissing the action on its merits. Plaintiff then moved for judgment notwithstanding the verdict, which motion was denied, and this appeal followed.

■ Defendants have filed no brief but filed typewritten statement challenging the sufficiency of the record to present any question for our decision. Plaintiff has failed to include in the record a single syllable of the evidence produced at the trial. Our rules in effect require that appellant shall file a separate printed record containing a clear, concise and condensed statement of so much of the entire record as may be essential to show jurisdiction and to enable the court to decide the questions presented for review. Rule 10(a), 28 U.S.C.A. Error cannot be presumed but it is encumbent upon an appellant to show not only that technical error was committed by the trial court, but that the error so committed was prejudicial.

■ The record contains the instructions as given and which were not objected to by either of the parties. We have considered these instructions and think they fairly and fully cover the issues as shown by the pleadings. In the absence of any evidence the instructions requested by plaintiff are in the nature of declarations of abstract questions of law. An instruction must be based on the issues as defined by the pleadings *and upon the evidence*. The governing rule is succinctly stated in 88 C.J.S. Trial § 379, p. 966, as follows:

> "Whether an instruction stating a principle of abstract law violates the rule that a court should not instruct in the abstract is determined by reference to the evidence as well as to the instructions as a whole."

In the absence of all evidence it cannot be determined that the refusal to give plaintiffs' requests was error. Garey v. Anco Mfg. & Supply Co., 8 Cir., 221 F.2d 683; McCarthy v. Pennsylvania R. Co., 7 Cir., 156 F.2d 877. It is the duty of the court, in submitting a case to the jury, to confine its instructions to the issues raised by pleadings and proof. Fleming v. Husted, 8 Cir., 164 F.2d 65.

■ In the absence of all evidence we cannot determine whether the requests were confined to the issues raised by the pleadings and proof. We conclude that the record is wholly inadequate to present any questions to this court for its decision. The judgment appealed from is therefore affirmed.