**FEDERAL DEPOSIT INSURANCE COR-PORATION, Plaintiff-Appellee,**

v.

**JULIUS RICHMAN, INC., and Lenore Richman, individually and as Executrix of the Estate of Julius Richman, Defendants-Appellants.**

**No. 198, Docket 81–7125.**

United States Court of Appeals, Second Circuit.

Argued Nov. 19, 1981.

Decided Dec. 3, 1981.

Ira L. Hyams, P. C., Jericho, N. Y., for plaintiff-appellee.

Jeffrey Levitt, Massapequa, N. Y. (Russ, Weyl & Levitt, Massapequa, N. Y., of counsel), for defendants-appellants.

Before LUMBARD, MANSFIELD and NEWMAN, Circuit Judges.

PER CURIAM:

Defendant Lenore Richman appeals from a judgment of the Eastern District of New York, Platt, *J.*, in favor of plaintiff Federal Deposit Insurance Corporation (FDIC) in its suit on her guarantee of loans made to Julius Richman, Inc., a corporation maintained and operated by her husband, Julius Richman. Lenore Richman argues that money was advanced not to the corporation but to her husband, and that her guarantee is therefore unenforceable under New York's General Obligations Law. We affirm the judgment of the district court.

Julius Richman was a real estate broker, operating through his corporation Julius Richman, Inc. Prior to 1973, Julius Richman borrowed money from Franklin National Bank to finance his real estate speculation. In 1973, market interest rates rose above the maximum permitted by New York State's usury laws, GOL § 5–501, on loans made to individuals. Corporations, however, may not assert a usury defense. GOL § 5–521. For this reason, Franklin National pursuant to an agreement with Julius Richman transferred $152,000 in debt from his personal account to his corporate account on July 6, 1973. On July 13, 1973, Julius and Lenore Richman jointly guaranteed the liabilities of the corporation. The guarantee was in writing and states that it was made "in consideration of advances, loans, extensions of credit, renewals . . . heretofore made to or for account of Julius Richman, Inc. . . . and/or now or hereafter to be made for the account of . . . Borrow-er. . . ." Franklin National subsequently extended additional credit to the corporation. Much, if not all, of the money loaned to the corporation was funnelled through the corporation to Julius Richman's personal accounts. The corporation restated its indebtedness to the bank on October 2, 1974, in a note for $291,000. Julius Richman signed the note. Thomas Eschmann, assistant vice president of the bank, was in charge of Richman's personal and corporate accounts and wrote in "Jules Richman, Inc." as the name of the maker.

Franklin National was declared insolvent by the Comptroller of the Currency on October 8, 1974. The FDIC was appointed receiver and sued on the guarantee. Julius Richman died on October 14, 1976. Lenore Richman is being sued individually and as executrix of his estate.

Prior to trial Judge Platt granted partial summary judgment to the FDIC, dismissing Lenore Richman's affirmative defenses of usury, lack of consideration, and violation of the statute of frauds. With respect to the defenses of usury and lack of consideration, he held that these defenses, since they rest on the theory that the corporate loan documents were created improperly to disguise what in reality were personal loans, were unavailable under the doctrine of *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Lenore Richman's defense based on the statute of frauds claimed that the loan was actually a personal loan to her husband that was in effect guaranteed by the corporation, and that such a guarantee is unenforceable since it was not in writing. Judge Platt dismissed this affirmative defense on the ground that it misconceived the FDIC's theory of recovery, which is based on the direct obligations of the corporation and not on any supposed guarantee by the corporation of personal loans to Mr. Richman, 80 F.R.D. 114 (E.D.N.Y.1978). After a bench trial at which Thomas Eschmann testified about his completion of the $291,000 note, Judge Platt ruled that the note of "Jules Richman, Inc." was an obligation of "Julius Richman, Inc."

in findings of fact and conclusions of law filed on July 1, 1980.

◼ There is ample support in the record for Judge Platt's finding that the $291,000 note was an obligation of Julius Richman, Inc. Defendant admits she guaranteed the obligation of the corporation. She admits the corporation defaulted on the note. She is therefore liable. Her arguments that the note and guarantee are unenforceable lack any foundation in the law.

◼◼ Julius Richman's use of his business corporation to evade usury laws is perfectly permissible under New York law. *Schneider v. Phelps*, 41 N.Y.2d 238, 242–43, 359 N.E.2d 1361, 1365, 391 N.Y.S.2d 568, 571 (1977). It is legally irrelevant whether money advanced to the corporation was used by the corporation or by Julius Richman; in either case, the bank took the corporation as the principal debtor. That is sufficient consideration to support the note; it is stated as consideration in the guarantee.[1]

Affirmed.

---

1. Since we conclude that Lenore Richman is liable as guarantor of the corporation's note and that her defenses are without merit, we need not accept the district court's interpretation of *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), to create an estoppel, an interpretation that may well have unduly extended the holding of that decision.