**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, Appellee,**

v.

**Juan Jesus RAMIREZ–RIVERA, et al., Defendants, Appellants.**

**No. 88–1569.**

United States Court of Appeals, First Circuit.

Heard Nov. 3, 1988.

Decided March 8, 1989.

Rehearing and Rehearing En Banc Denied April 26, 1989.

José A. Gallart, Hato Rey, P.R., with whom Juan Jesús Ramírez–Rivera and Víctor E. Báez, Mayaguez, P.R., were on brief, for defendants, appellants.

Emily R. Rivas with whom John David Ferrer, Burke, Va., Rae Schupack and Trías, Doval, Muñoz, Acevedo & Otero, Hato Rey, P.R., were on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

TORRUELLA, Circuit Judge.

Defendants appeal from the district court's denial of their motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,[1] for relief from a final judgment against them. We affirm.

---

\* Of the Fifth Circuit, sitting by designation.

1. The relevant section of Rule 60(b) states:
   On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ... was entered or taken.

## I.

Juan Jesús Ramírez Rivera and his wife, Angélica Ileana Ramos Ponce ("Ramírez") had executed a loan agreement and promissory note with Banco Crédito y Ahorro Ponceño (the "Bank" or "BCAP"), a bank insured by the Federal Deposit Insurance Corporation (the "FDIC"). The loan was for the principal amount of $100,000, with interest thereon at the rate of 9.5% per annum. Ramírez then subscribed a second promissory note to BCAP, for the principal amount of $110,000, with interest thereon at the rate of 8.5% per annum.

In time, BCAP went bankrupt and the FDIC was granted Receivership of the Bank by appointment of the Treasury Secretary of Puerto Rico pursuant to 7 L.P.R.A. § 201 (1981). As part of this agreement, the FDIC, in its corporate capacity, purchased both of Ramírez' notes. Ramírez did not make the required payments and the FDIC subsequently filed the present suit in the Federal District Court for the District of Puerto Rico for collection on the two defaulted promissory notes. Judgment was entered in favor of the FDIC on August 12, 1986. *Federal Deposit Insurance Corp. v. Ramírez Rivera,* No. 82 Civ. 2034 (D.P.R. Aug. 12, 1986).

Ramírez appealed the decision and raised for the first time his argument that the loans should not be enforced because the interest charged on both of the loans was usurious under Puerto Rican law. *See* 31 L.P.R.A. § 4591 (1987). Without specifically addressing Ramírez' usury argument,[2] this court affirmed the order of the lower court. *See Federal Deposit Insurance Corp. v. Ramírez Rivera,* 823 F.2d 542 (1st Cir.1987). On August 12, 1987, exactly one year from the original judgment, Ramírez filed a Motion for Relief from Order under Rule 60(b).[3] The district court denied this motion. First, the court held that the motion, although brought within the applicable one year time period, nevertheless was not brought within a "reasonable time" as is required by the Rule. Also, the court noted that the defendants failed to raise their usury defense until after judgment. Finally, the lower court held that this court's original opinion in this case conclusively decided the usury issue. Without deciding the first of these contentions, we affirm on the basis of the second and third rationales offered by the court below.

## II.

■ Orders denying a Rule 60(b) motion are final orders and are appealable as such. *Matarese v. LeFevre,* 801 F.2d 98, 105 (2d Cir.1986); *Cinerama, Inc. v. Sweet Music, S.A.,* 482 F.2d 66, 71–72 (2d Cir. 1973). Rule 60(b) motions are addressed to the discretion of the court, *Simons v. Gorsuch,* 715 F.2d 1248, 1253 (7th Cir.1983), and thus our review is strictly limited to a determination of whether the lower court has abused its discretion.

■ The defense of usury is an affirmative defense. *See In re Casbeer,* 793 F.2d 1436, 1438 (5th Cir.1986); *Federal Deposit Insurance Co. v. Julius Richman, Inc.,* 666 F.2d 780, 781 (2d Cir.1981); *J.E. Candal & Co. v. Rivera,* 86 P.R.R. 481, 488 (1962). Like all affirmative defenses, usury must be claimed in the original pleadings, pursuant to Federal Rules of Civil Procedure 8(c), or the defense generally will be held to have been waived. *See Badway v. United States,* 367 F.2d 22, 25 (1st Cir.1966).

■ Nevertheless, courts may treat an affirmative defense that has been raised after the pleadings stage, but has been

---

**2.** In its original opinion, the district court focused on the effect of the defendants' waiver of their right to *excussio* that had originally existed under the first loan agreement. This right had required the Bank, when collecting on loans guaranteed by Ramírez, to first go after the real properties of the obligors of those loans, before requiring Ramírez to make payment. On appeal, we focused our opinion on the appropriateness of the lower court's decision, which was

challenged before us. Appellants' usury argument, raised for the first time on appeal, was dismissed summarily in one sentence that read "Appellants remaining contentions are without legal merit and will not be discussed herein."

**3.** It appears that Ramírez argued that sub-sections (1), (3), (4), (5), and (6) of the Rule were all applicable.

fully tried under the express or implied consent of the parties, as if it had been raised in the original responsive pleading. Fed.R.Civ.P. 15(b); *see* 8 *C. Wright & A. Miller, Federal Practice and Procedure* § 1278 (1987). This rule is applicable, however, only where it is clear that the "issue not raised in the pleadings and not preserved in the pretrial order has in fact been tried...." *Systems, Inc. v. Bridge Electronics Co.,* 335 F.2d 465, 466–67 (3d Cir. 1964). Thus, an affirmative defense that was not raised in any capacity at trial cannot be raised for the first time on appeal. *Id.* at 466; *see Metropolitan Housing Development Corp. v. Village of Arlington Heights,* 558 F.2d 1283, 1287 (7th Cir.1977), *cert. denied,* 434 U.S. 1025, 98 S.Ct. 752, 54 L.Ed.2d 772 (1978); *White v. Chicago, Burlington & Quincy Railroad,* 417 F.2d 941, 946 (8th Cir.1969).

■ It is undisputed by either party that Ramirez did not raise the usury defense until the appeal after final judgment in the case. Although the amounts of the loans, including pertinent interest rates, were admitted at trial, this is clearly insufficient to satisfy Rule 15(b)'s standard that the issue be both raised *and tried* below. Defeated litigants cannot set aside judgments because of their failure to interpose a defense that should have been presented at trial. *Bank of America National Trust & Savings Ass'n v. Mamakos,* 509 F.2d 1217 (9th Cir.1975); *Schattman v. Texas Empl. Comm'n,* 330 F.Supp. 328, 330 (W.D.Tex. 1971), *rev'd on other grounds,* 459 F.2d 32 (5th Cir.1972); *cert. denied,* 409 U.S. 1107, 93 S.Ct. 901, 34 L.Ed.2d 688 (1973).

### III.

■ More importantly, however, the appellant cannot try to circumvent the appellate process by bringing a motion requesting relief from an order that has already been reviewed and decided on appeal. This court has concluded, prior to the filing of appellants' Rule 60(b) motion, that appellant's usury argument is meritless.[4] *See Federal Deposit Insurance Corp. v. Ramirez,* 823 F.2d 542 (1st Cir.1987). Although discussion of this issue was certainly abbreviated, appellant had raised the usury issue on appeal and it was duly considered and then decided. If Ramirez was unsatisfied with this result, there existed appropriate ways to seek redress, such as petitioning for rehearing. *See United States v. De Jesús,* 752 F.2d 640, 643 (1st Cir.1985) (citing J. Moore, J. Lucas, & T. Currier, 1B *Moore's Federal Practice* ¶ 0.404[10] (1983)). It is not appropriate, however, for appellant to try to avoid the decision of this court through the use of a Rule 60(b) motion in the trial court below.

The decision of the court below is thereby AFFIRMED.

---

**4.** Even if we assumed that the usury defense had in fact been timely raised, it is likely that the defendants in this case still could not prevail. Article 1654, 31 L.P.R.A. § 4596 states that

Any person who ... before the defense of usury is interposed by the borrower in an action on the contract, effectually relinquishes the right to any interest or discount or value reserved in violation of this chapter, shall be relieved from further forfeiture, penalty, or punishment, and the contract from the date of the ... written relinquishment shall be valid and effectual.

Thus, in *Federal Deposit Insurance Corp. v. Tito Castro Construction, Inc.,* 741 F.2d 475, 477–78 (1st Cir.1984), we dismissed the defendant's usury defense against the FDIC because the FDIC had successfully relinquished any asserted rights to usurious interest pursuant to Article 1654 and because this relinquishment was completed before the usury defense was first raised.

In this case, although the original loan agreements may have called for arguably usurious interest rates, the FDIC, in its complaint *expressly* stated that they "relinquish the right to any interest or discount or value which may be found to be" usurious. This complaint clearly was filed well before Ramirez raised the usury defense.