Kenerson, Admx. v. Morgan Guar. Trust CV-91-611-SD  07/20/95
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Jean R. Kenerson, Administratrix
 of the Estate of Vaughan H. Kenerson


        v.                                    Civil No. 91-611-SD


Morgan Guaranty Trust Company;
Bank of California, N.A.



                        O R D E R


    Defendants Morgan Guaranty Trust Company (Morgan) and Bank

of California, N.A. (BOC) [hereinafter collectively referred to

as "the banks" or "defendants"] presently move the court, over

plaintiff's objection, to grant partial summary judgment in their

favor on twenty-two of the twenty-five checks at issue in this

conversion action on the ground that recovery is barred by the

statute of limitations.[1]

_____

[1]Because the facts and issues involved in this matter have
been previously recited in great detail, see Kenerson v. FDIC, 44
F.3d 19 (1st Cir. 1995), and Kenerson v. Morgan Guaranty, ___ F.
Supp. ___, Civil No. 91-611-SD, 1995 WL 326278 at *1 (D.N.H.
May 25, 1995), only such facts as are necessary to the just
resolution of the instant motion will be herein provided.

<u>Discussion</u>

<u>1.  Summary Judgment Standard</u>

Summary judgment shall be ordered when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed. R. Civ. P.  Since the purpose of summary judgment is issue finding, not issue determination, the court's function at this stage "'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  <u>Stone & Michaud Ins., Inc. v. Bank Five for Savings</u>, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986)).  Although "motions for summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might some day reveal," <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576, 581 (1st Cir. 1994), the entire record will be scrutinized in the light most favorable to the nonmovant, with all reasonable inferences indulged in that party's favor, <u>Smith v. Stratus Computer, Inc.</u>, 40 F.3d 11, 12 (1st Cir. 1994), <u>cert. denied</u>, ___ U.S. ___, 115 S. Ct. 1958 (1995); <u>see also</u> <u>Woods v. Friction Materials, Inc.</u>, 30 F.3d 255, 259 (1st Cir. 1994); <u>Maldonado-Denis</u>, <u>supra</u>, 23 F.3d at 581.

"In general . . . a party seeking summary judgment [is

2

required to] make a preliminary showing that no genuine issue of material fact exists.  Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)), cert. denied, ___ U.S. ___, 115 S. Ct. 2247 (1995).

> A "genuine" issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either party.  Maldanado-Denis, 23 F.3d at 581. In other words, a genuine issue exists "if there is 'sufficient evidence supporting the claimed factual dispute' to require a choice between 'the parties' differing versions of the truth at trial.'"  Id. (quoting Garside [v. Osco Drug, Inc.,] 895 F.2d [46,] 48 [1st Cir. 1990)].  A "material" issue is one that might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Libertad v. Welch, 53 F.3d 428, 435 (1st Cir. 1995).

Although summary judgment is inappropriate when a trialworthy issue is raised, "[t]rialworthiness necessitates 'more than simply show[ing] that there is some metaphysical doubt as to the material facts.'"  National Amusements, supra, 43 F.3d at 735 (quoting Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)) (alteration in National Amusements).  Thus, "'[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have

3

substance in the sense that it limns differing versions of the truth which a factfinder must resolve . . . .'" Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Accordingly, "purely conclusory allegations . . . rank speculation . . . [or] improbable inferences" may be properly discredited by the court, id. (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)), and "'are insufficient to raise a genuine issue of material fact,'" Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (quoting August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir. 1992)).

2. Statute of Limitations

Plaintiff's conversion action against the banks was commenced on or about August 17, 1990, wherein it was alleged that between December 31, 1981, and October 31, 1984, the banks wrongfully paid fraudulently endorsed checks totaling $255,978.38. Notwithstanding the nearly five years this case has taken to proceed to trial, the banks, just five weeks from the start of the trial period, seek to raise the previously unasserted statute of limitations affirmative defense. Specifically, defendants presently assert that pursuant to New Hampshire Revised Statutes Annotated 508:4, I, a six-year statute of limitations applies and thus plaintiff is barred from recovery

4

on all checks drawn and paid prior to August 17, 1984.

Plaintiff, however, questions the timing of defendants' statute of limitations defense.[2] In her opposition papers, plaintiff remarks that the banks

> have waited until discovery closed and a trial date was requested to raise the argument that the discovery rule generally applicable under New Hampshire law should not be applied in this case. Plaintiff's counsel has never received notice by the Defendants preserving their right to raise the statute of limitations defense. Plaintiff has no record of either of the current Defendants raising the issue in the New Hampshire Superior Court before it was moved to this Court, or filing an Answer and Statement of Affirmative Defenses as required by the Fed. R. Civ. P. 8(c).

Plaintiff's Memorandum of Law at 1-2 (footnote omitted).

Rule 8(c) of the Federal Rules provides, in part, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense." Rule 8(c), Fed. R. Civ. P. "Generally speaking, a party must set forth all affirmative defenses in the pleadings, on pain of possible forfeiture," Williams v. Ashland Eng'g Co., 45 F.3d 588,

---

[2]Plaintiff also argues, in the alternative, that the limitations period is tolled by the "discovery rule." Because the court finds that resolution of the instant motion can be achieved strictly via an application of the Civil Rules, the court declines to reach the issue of whether the "discovery rule" should be extended to actions under the Uniform Commercial Code.

5

593 (1st Cir.), petition for cert. filed, 63 U.S.L.W. 3819 (U.S. May 2, 1995) (No 94-1804-CFX) "of the defense and the exclusion of all evidence relevant to it," Conjugal Partnership v. Conjugal Partnership, 22 F.3d 391, 400 (1st Cir. 1994); accord, G.D. v. Westmoreland Sch. Dist., 783 F. Supp. 1532, 1534 (D.N.H. 1992) ("Failure to plead an affirmative defense generally results in waiver of that defense." (citing FDIC v. Ramirez-Rivera, 869 F.2d 624 (1st Cir. 1989))).[3]

Since "the purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued . . . a defendant who fails to assert an affirmative defense at all, or who asserts it in a largely uninformative way, acts at his peril." Williams, supra, 45 F.3d at 593 (citations

---

[3]Despite this seemingly austere result, exceptions have been carved out of the general rule. "For example, absent prejudice to the plaintiff, a defendant may raise an affirmative defense for the first time in a motion for summary judgment." Westmoreland Sch. Dist., supra, 783 F. Supp. at 1534 (citations omitted). Likewise, an otherwise waived affirmative defense will be allowed "where [the] defense 'has been fully tried under the express or implied consent of the parties, as if it had been raised in the original responsive pleading.'" Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 1994) (quoting Ramirez-Rivera, supra, 869 F.2d at 626-27). As the plaintiff's consent is not forthcoming, see Plaintiff's Memorandum of Law at 4, and the court is of the opinion that prejudice would result should the defense be allowed so late in the pretrial phase of these proceedings, the court finds and rules that neither exception applies, and thus the general rule of "raise or waive" will be enforced.

omitted).[4]  Cf.  Conjugal Partnership, supra, 22 F.3d at 400 ("it is settled that '[w]hen there is no prejudice and when fairness dictates, the strictures of [the raise or waive] rule may be relaxed'") (quoting Jakobsen v. Massachusetts Port Auth., 520 F.2d 810, 813 (1st Cir. 1975)) (alterations in Conjugal Partnership); Williams, supra, 45 F.3d at 593 ("an inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose--to act as a safeguard against surprise and unfair prejudice--has been vindicated").

In the view of the court, defendants have failed to sufficiently demonstrate and provide to the court a valid reason explaining their dilatoriness.[5]  Moreover, the fact that

---

[4]The court notes that although other, now dismissed, defendants properly raised the statute of limitations as an affirmative defense, see, e.g., Dean Witter Reynolds Inc.'s [Amended] Brief Statement of Defenses ¶ 4 (document 5), the acts of such other defendants are of no avail to the current defendants, see Badway v. United States, 367 F.2d 22, 25 (1st Cir. 1966) (where one of the defendants did not comply with the requirement of the Federal Rules of Civil Procedure that statute of limitations be set forth affirmatively in the pleadings, such defenses deemed waived by that defendant).

[5]The court notes that on February 7, 1994, the banks filed a motion to dismiss this action as barred by the limitations period stated in RSA 382-A:4-406 (document 41).  Said motion was denied as moot on account of the court's April 14, 1994, summary judgment rulings.  In the view of the court, this solitary reference, made three and one-half years after commencement of suit and invoking the limitations period of an unassociated section of the Uniform Commercial Code, fails to adequately

7

discovery is closed and trial is scheduled enhances the conclusion that prejudice would result if the limitations defense were allowed at this late date.  See, e.g., Resolution Trust Corp. v. Southwest Dev. Co., 807 F. Supp. 375, 378-80 (E.D.N.C. 1992) (with discovery closed and trial one month away, affirmative defense not pleaded in answer deemed waived; prejudice to plaintiff would result if defendants were allowed to assert defense), modified, 837 F. Supp. 122 (E.D.N.C. 1992), aff'd in part  without opinionand rev'd in part on other grounds, 14 F.3d 596 (4th Cir. 1993).  Correspondingly, the court further finds and rules that the banks have waived the statute of limitations defense.  Accordingly, defendants' motion for partial summary judgment on said issue must be and herewith is denied.

Conclusion

For the reasons set forth herein, defendants' motion for partial summary judgment (document 61) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 20, 1995

cc:  Bradford W. Kuster, Esq.
     John T. Broderick Jr., Esq.

_____

preserve the statute of limitations defense.