TORRUELLA, Circuit Judge,
dissenting.
I dissent from the withdrawal of the opinion and effective denial of panel rehearing. The majority here uses withdrawal and revision as a tactic for avoiding a rehearing en banc. This maneuver is merely the i converse of that to which I objected in Igartúa v. United States, 626 F.3d 592, 612 n. 21 (1st Cir.2010).
The disposition to reach a pre-deter-mined outcome in this case has been self-evident for some time. It was clearly demonstrated by the majority’s ruling in its original panel opinion, which was principally based on its motu proprio raising of the so-called safe harbor defense, see 42 U.S.C. § 2000e-2(h), an affirmative defense never raised, or even mentioned, by Defendants-Appellees before either the district court or this Court. See Abril-Rivera v. Johnson, 795 F.3d 245 (1st Cir.2015) (withdrawn). This was, of course, not only an unusual and unjustified judicial action but a clear violation of longstanding circuit and judicial precedent. See FDIC v. Ramirez-Rivera, 869 F.2d 624, 626 (1st Cir.1989); Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir.1994); see also Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1012 (11th Cir.1982). Faced with a dissenting opinion objecting to this inappropriate procedure and subsequent petition for rehearing and réhearing en banc drawing upon that dissenting opinion, the majority withdrew its reliance on this erroneous reasoning.